Marty Harper (#003416)
mharper@polsinelli.com
Andrew S. Jacob (#22516)
ajacob@polsinelli.com
Jennifer Axel (#023883)
jaxel@polsinelli.com
**POLSINELLI SHUGHART, P.C.**
CityScape
One East Washington St., Suite 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don ADDINGTON; John BOSTIC; Mark BURMAN; Afshin IRANPOUR; Roger VELEZ; Steve WARGOCKI; Michael J. SOHA; Rodney Albert BRACKIN; and George MALIGA, on behalf of themselves and all similarly situated former America West pilots,<br><br>*Plaintiffs*,<br><br>vs.<br><br>US AIRLINE PILOTS ASS'N, an unincorporated association; and US AIRWAYS, INC., a Delaware corporation,<br><br>*Defendants.* | CASE NO. 2:13-CV-00471-PGR<br><br>**MOTION TO TRANSFER CASE TO JUDGE WAKE OR JUDGE SILVER**<br><br>**(Expedited decision requested)** |

Plaintiffs Don Addington, *et al.*, move to transfer this action to Judge Wake or Judge Silver pursuant to LRCiv. 42.1(e) and move for an expedited decision.

**A.   Background**

In 2005, US Airways (a bankruptcy debtor) and America West Airlines merged to form a new airline also called US Airways. *Addington v. US Airline Pilots Ass'n,* 606 F.3d 1174, 1176 (9th Cir. 2010). The pilots

1

on both sides of that merger (the "East Pilots" from US Airways and the "West Pilots" from America West) agreed to a <u>final and binding</u> arbitrated merger of their separate seniority lists. *Id.* That arbitration was conducted by George Nicolau and an award creating a merged seniority list (the "Nicolau Award") was announced in May 2007. US Airways accepted the Nicolau Award in December 2007. *Id.* at 1177.

The East Pilots repudiated their agreement to treat the Nicolau Award as final and binding. *Id.* at 1177-78. In mid 2007, they formed a single-airline union, USAPA, to oust the multi-airline union that was representing these pilots, the Airline Pilots Association ("ALPA"). *Id.* at 1178. They did so because ALPA (which they could not control) was ordering them to use the Nicolau Award list. *See id.* The East Pilots' majority status in the post-merger airline allowed them to control a single-airline union (such as USAPA) because it would only represent US Airways pilots. *See id.* at 1178-79. USAPA succeeded ALPA as the bargaining representative. *Id.* Under East Pilot control, USAPA also repudiated the agreement to honor the Nicolau Award. *Id.*

In mid-2008, the West Pilots formed Leonidas, LLC, for the sole purpose of collecting voluntary West Pilot contributions to be used to defend the Nicolau Award in and out of litigation. A. Jacob, *Decl.*, at ¶ 4 (filed concurrently). Leonidas has never been a party to litigation. *Id.* at ¶ 5; *see, e.g., Addington v. US Airline Pilots Ass'n*, 588 F. Supp. 2d 1051 (D. Ariz. 2008).

In September 2008, the West Pilots filed an action for breach of the duty of fair representation to compel USAPA to implement the Nicolau Award list. *Id.* at 1055. After a 10-day trial, a jury found that USAPA breached the duty of fair representation because its sole objective for repudiating the Nicolau Award was to benefit East Pilots at the expense

2

28843001.1

of West Pilots, rather than to benefit the bargaining union as a whole. *Addington v. US Airline Pilots Ass'n*, No. 2:08-CV-1633-PHX-NVW, 2009 WL 2169164, at *7 (D. Ariz. Jul. 17, 2009). Judge Wake ruled further that "[t]he West Pilots remain entitled to a union that will not abrogate the Nicolau Award without a legitimate purpose." *Id.* at *28. And he enjoined USAPA from breaching its duty of fair representation.

USAPA appealed and the Ninth Circuit vacated the judgment on the basis of lack of ripeness. *Addington*, 606 F.3d at 1184. But in so doing, it cautioned USAPA that unless it "bargain[ed] in good faith pursuant to its DFR, with the interests of all members—both East and West—in mind," there would be "an unquestionably ripe DFR suit, once a contract is ratified." *Id.*, at 1180 n.1.

On July 27, 2010, US Airways filed a declaratory action, to obtain guidance, *inter alia*, as to whether it would be liable if it entered into a collective bargaining agreement with USAPA that did not implement the Nicolau Award. *US Airways, Inc. v. Addington*, No. 2:10-CV-01570-PHX-ROS, Complaint (D. Ariz. Jul. 26, 2010). At issue was USAPA's date-of-hire "seniority proposal"—a method of seniority integration that Mr. Nicolau found was neither fair nor equitable because it put more than a thousand East Pilots who were on furlough ahead of hundreds of active West Pilots—but that USAPA insisted it had every right and intention to impose over West Pilot objections.

Judge Silver agreed with Judge Wake and ruled that USAPA would "breach its duty of fair representation" unless it was "supported by a legitimate union purpose." *Id.*, Amended Judgment, 1 (Dec. 4, 2012) (Doc. 206). But, she stopped just short of ruling that USAPA did not and could never have such legitimate purpose.

28743001.1

In February 2013, USAPA, the Allied Pilots Association (the union representing the American pilots), US Airways, and AMR (the parent of American Airlines) entered into an agreement called the "Memorandum of Understanding Regarding Contingent Collective Bargaining Agreement" (the "MOU") that sets the stage for a merger between US Airways and AMR. A. Jacob, *Decl.*, at ¶ 6 (providing copy of MOU).

The MOU itself is a breach of the duty of fair representation because it provides substantially better pay to US Airways pilots without requiring pilot integration using the Nicolau Award seniority list. *See Addington v. US Airline Pilots Ass'n,* No. 2:08-CV-1633-PHX-NVW, 2009 WL 2169164, at *30 ("The duty of fair representation requires USAPA and any successor union to bargain for the implementation of the Nicolau Award.).

Although the MOU allows USAPA to implement the Nicolau Award, it does not require it to do so. Regardless, USAPA is steadfastly refusing to even consider doing so. Indeed, on March 6, 2012, it filed an adversary proceeding, Case No. 11-15463-SHL, in the Southern District of New York against Leonidas, LLC, in a flawed effort to deter the West Pilots from taking action to compel USAPA to adhere to its duty. A. Jacob, *Decl.*, at ¶ 7 (providing copy of complaint). In that flawed action, USAPA seeks to enjoin Leonidas (not these Plaintiffs or the West Pilot class as a whole) from filing such litigation. That action is flawed because Leonidas neither has standing nor intention to file any such litigation. But, the West Pilots have both and they have done so here.

The West Pilots bring this action to facilitate, not delay, a timely closing of the US Airways / American Airlines merger. They seek to establish that pilot integration must be done using the Nicolau Award list. They seek to do so before there are missteps in the merger process

28843001.1

that would have to be retraced. *See, e.g., Bernard v. Air Line Pilots Assn., Int'l*, 873 F.2d 213, 217 (9th Cir. 1989) (approving injunctive relief stopping the ongoing implementation of a merged pilot seniority list because it was made in violation of the duty of fair representation).

### B. Legal Argument

LRCiv. 42.1(e) permits this Court to transfer this case to Judges Wake or Silver with their consent and with notice to Judge Silver in her capacity as chief judge under the following conditions:

> (1) If the transferee judge previously adjudicated a case that: (A) arose from substantially the same transaction or event; (B) involved substantially the same parties . . .; or (D) called for the determination of substantially the same questions of law; . . . or
>
> (3) For reasons of judicial economy. . . .

LRCiv. 42.1(e).

This action raises the same issues between the same parties that were litigated before Judges Wake and Silver. These issues include: (1) ripeness; (2) whether USAPA must have a legitimate union purpose to repudiate the Nicolau Award; and (3) whether USAPA has such a purpose. Because these issues were litigated by these parties before Judges Wake and Silver, Local Rule 42.1(e)(1) surely applies.

Plaintiffs will be filing a motion for a temporary restraining order to enjoin USAPA (and US Airways) from taking steps to integrate pilot operations in any manner that does not fully implement the Nicolau Award seniority list. Because this merger is moving quickly (anticipated to close later this year), it is important to all affected parties (other than USAPA) that there be a prompt decision on that motion.

It is important, therefore, that the decision be correct as well as timely. Having already invested substantial effort in this dispute, it would in all likelihood take Judges Wake or Silver less judicial effort to address

5

the material issues of law and fact than it would take this Court who has not made such an investment. There are, therefore, also sound reasons of judicial economy for this Court to transfer this action to Judge Wake or Judge Silver if either will consent to such transfer.

### C. Prayer for Relief

The West Pilots respectfully ask that this Court to order this action transferred to Judge Wake or Judge Silver with their consent and with notice to Judge Silver in her capacity as Chief Judge of this District and to do so on an expedited basis.

Dated this 7th day of March, 2013.

**POLSINELLI SHUGHART, PC**

By  */s/ Andrew S. Jacob*
  Marty Harper
  Andrew S. Jacob
  Jenifer Axel
  CityScape
  One East Washington St., Ste. 1200
  Phoenix, AZ 85004
  *Attorneys for West Pilots*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2013, I electronically transmitted the foregoing document and attachments to the U.S. District Court Clerk's Office by using the ECF System for filing and transmittal.

Courtesy copies hand delivered to Judges Rosenblatt, Silver and Wake this same day.

In addition, a copy of the foregoing document and attachments were served this same day by mail and email to the following:

Robert A. Siegel, Esq.
O'MELVENY & MYERS LLP
400 South Hope St.
Los Angeles, CA 90071
rsiegel@omm.com
*Attorneys for US Airways*

Patrick Szymanski, Esq.
PATRICK J. SZYMANSKI, PLLC
1900 L Street, NW, Ste 900
Washington, DC 20036
szymanskip@msn.com
*Attorneys for US Airline Pilots Ass'n*

                              */s/ Andrew S. Jacob*
                           By _____

28430001.1