**PATRICK J. SZYMANSKI (*pro hac vice*)**
**PATRICK J. SZYMANSKI, PLLC**
1900 L Street, NW, Ste 900
Washington, DC  20036
Telephone: (202) 721-6035
szymanskip@msn.com

**BRIAN J. O'DWYER (*pro hac vice*)**
**GARY SILVERMAN (*pro hac vice*)**
**JOY K. MELE (*pro hac vice*)**
**O'DWYER & BERNSTIEN, LLP**
52 Duane Street, 5th Floor
New York, NY 10007
Telephone:  (212) 571-7100
bodwyer@odblaw.com
gsilverman@odblaw.com
jmele@odblaw.com

**SUSAN MARTIN (AZ#014226)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for US Airline Pilots Association

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Don Addington, *et. al.*,

       *Plaintiffs,*

       v.

US Airline Pilots Association, *et. al.*,

       *Defendants.*

Case No.:  CV-13-00471-PHX-ROS

**US Airline Pilots Association's Motion to Dismiss**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES…………………….…….…..1

FACTS……………………………………………………………………….…..….2

ARGUMENT…………………………………………………………………..…...5

    I.       PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*…………...5

    II.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
            PLAINTIFFS' CLAIMS AGAINST USAPA………………………..…..8

          1.     Plaintiffs' DFR claim is not ripe for the same reasons held by
                 the Ninth Circuit in *Addington I* and by this Court in the
                 Declaratory Judgment Action………………………………………8

          2.     Plaintiffs' DFR claim rests on interpretation of the MOU, and is
                 thus a "minor dispute" within the exclusive jurisdiction of the
                 System Board of Adjustment………………..…………….…..10

    III.    PLAINTIFFS FAIL TO STATE A DFR CLAIM AGAINST USAPA…..11

          1.     The complaint fails to allege facts to support a DFR claim……….11

          2.     West Pilots' overwhelming support for the MOU precludes a DFR
                 claim …..……..……………………………………..…………….13

    IV.    PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES……..…14

    V.     THE COURT SHOULD STRIKE THE COMPLAINT'S IMPROPER
            CITATIONS TO THE DISTRICT COURT DECISION IN
            *ADDINGTON I*…..……………………………………………….......15

CONCLUSION……………………………………………………………..16

i

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Addington v. US Airline Pilots Ass'n*,
  606 F.3d 1174 (9th Cir 2010)……………………………………..………..*passim*

*Addington v. US Airline Pilots Ass'n*,
  2010 WL 4117216 (D. Ariz. Oct. 19, 2010)……………………….…...………16

*Air Line Pilots Ass'n v. O'Neill*,
  499 U.S. 65, 111 S. Ct. 1127 (1991)…………………………….………10, 12-13

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
  421 U.S. 240 (1975)…………………………………………………..……...14

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009)…………………………………….……11

*Ass'n of Flight Attendants v. Mesa Air Group, Inc.*,
  567 F.3d 1043 (9th Cir. 2009)…………………………………………...…....11

*Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*,
  584 F.2d 308 (9th Cir. 1978),
  *cert. dismissed*, 441 U.S. 937 (1979)…………………………………..……14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007) ………...………13

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011)……………………………………….……...12

*Clark v. Bear Stearns & Co.*,
  966 F.2d 1318 (9th Cir. 1992)……………………………………….…...6,8,11

*Consol. Rail. Corp. v. Ry. Labor Executives' Ass'n*,
  491 U.S. 299 (1989)……………………………………………….…...………10

*Elgin, J. & E. Ry. Co. v. Burley*,
  325 U.S. 711, 65 S. Ct. 1282 (1945)…………………………………….……..11

*Fayer v. Vaughn*,
  49 F.3d 1061 (9th Cir. 2011),
  *cert. denied* 132 S. Ct. 850 (2011)…………………………………….…...12

*Gullickson v. Southwest Airlines Pilots' Ass'n*,
  87 F.3d 1176 (10th Cir. 1996)………………………………………….……14

*Herring v. Delta Air Lines*,
  894 F.2d 1020 (9th Cir. 1989)…………………………………….…...………12

*In re Brooks-Hamilton*,
  271 F. App'x 654 (9th Cir. 2008)……………………………………….……7

ii

*International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Aloha Airlines,*
   776 F.2d 812 (9th Cir. 1985)……………………………….……………..…….…10

*Kendall v. Overseas Dev. Corp.,*
   700 F.2d 536 (9th Cir. 1983)……………………………………………..……….8

*Kollsman v. Cohen,*
   996 F.2d 702 (4th Cir. 1993)……………………………………………….…….15

*Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.,*
   114 F.3d 848 (9th Cir. 1997)…………………………………………………..….8

*Orff v. United States,*
   358 F.3d 1137 (9th Cir. 2004)……………………………………………..…….16

*Papcin v. Dichello Distributors, Inc.,*
   697 F. Supp. 73 (D. Conn. 1988)……………………………………..………….14

*Park, ex rel. Park v. Anaheim Union High School Dist.,*
   464 F.3d 1025 (9th Cir. 2006)…………………………………………….…..….15

*Rogers v. Air Line Pilots Ass'n,*
   988 F.2d 607 (5th Cir, 1993)……………………………………………………14

*Schneider v. Amador County,*
   2013 WL 898054 (E.D. Cal. Mar. 8, 2013)……………………………..………….9

*Steffenson v. Ives,*
   2011 WL 4710798 (E.D. Cal. Oct. 4, 2011)…………………………..……....….9

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,*
   322 F.3d 1064 (9th Cir. 2003)………………………………………………...…..6

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003)…………………………………………….…...…..3

*United States v. Streich,*
   560 F.3d 926 (9th Cir. 2009)…………………………………………………..8, 9

*US Airways v. USAPA, .*
   No. 2:10-cv-01570-ROS (D. Ariz., Oct. 11, 2012)…………...…..…….……….1

*Vaca v. Sipes,*
   386 U.S. 171, 87 S. Ct. 903 (1967)……………………..…….…….……….12

**Statutes**

McClaskill-Bond Amendment, Federal Aviation Act
42 U.S.C. § 42112…………………………………………………..…..2, 4

iii

Railway Labor Act
45 U.S.C. § 184……………………………………….……………………………..5, 14

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1)…………………………………………………...…………….……1

Fed. R. Civ. P. 2(b)(6)……………………………………………………….…………1,11

**<u>Secondary Sources</u>**

C. Goelz & M. Watts, Rutter's California Practice Guide: Federal Ninth Circuit Civil
Appellate Practice § 10:231……………………………………………………………...15

Defendant US Airline Pilots Association ("USAPA") moves to dismiss all claims against USAPA pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).

### MEMORANDUM OF POINTS AND AUTHORITIES

For the third time in five years, plaintiffs have filed a breach of duty of fair representation (DFR) claim against USAPA arising out of the same seniority list integration dispute. The prior claims were dismissed by the Ninth Circuit in 2010 and by this Court in 2012 on grounds of ripeness, because, as the Court stated, "it is not possible to determine the viability of any claim for the breach of the duty of fair representation until a particular seniority regime is ratified." *US Airways v. USAPA*, No. 2:10-cv-01570-ROS, Doc. 193 p. 8 (D. Ariz. Oct. 11, 2012), citing *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1181-82 (9th Cir. 2010). *See also US Airways v. USAPA*, No. 2:10-cv-01570-ROS, Doc. 85 pp. 9-10 (D. Ariz. June 1, 2011) (order dismissing West Pilots' cross-claim on ripeness grounds). No new seniority regime has been ratified and nothing has happened since this Court issued its decision last October that makes plaintiffs' DFR claim ripe.

To the contrary, the only two things that have happened since plaintiffs' DFR claim was dismissed in June 2011 and summary judgment was granted in October 2012 make this claim even more speculative than before:  (1) a merger between US Airways and American Airlines was negotiated and is moving forward subject to approval by various regulatory agencies and, ultimately, the Bankruptcy Court for the Southern District of New York, and (2) as part of that merger, four parties (US Airways, American Airlines, USAPA and the Allied Pilots Association ("APA")[1]) negotiated and USAPA members  ratified a Memorandum of Understanding Regarding Contingent Collective Bargaining Agreement ("MOU") that continues the current two list seniority system at

---

[1] The APA is the bargaining representative for the American Airlines pilots.

1    US Airways unchanged unless the merger is approved and then until completion of the

2    seniority integration process between by the pilots of both carriers as mandated by the

3    McCaskill-Bond Amendment to the Federal Aviation Act, 49 U.S.C. § 42112.

4           This Court made clear that "USAPA's seniority proposal does not automatically

5    breach its duty of fair representation", No. 2:10-cv-01570-ROS, Doc. 193 p. 8, and that

6    "there is no obvious impediment to USAPA and US Airways negotiating and agreeing

7    upon any seniority regime they wish." *Id.* p. 7. Plaintiffs did not appeal from this Court's

8    judgment. Nothing in the complaint asserts that the issues of seniority have now been

9    finally determined. Accordingly, under this Court's judgment and principles of ripeness

10   and issue and claim preclusion, the complaint must be dismissed.[2]

11                                    **FACTS**[3]

12          <u>American Airlines/US Airways Merger</u>.   On November 29, 2011, AMR

13   Corporation and its subsidiaries (the "Debtors") commenced a voluntary Chapter 11 case

14   in the United States Bankruptcy Court for the Southern District of New York, *In re AMR*

15   *Corp.*, Case No. 11-15463 (Complaint, ¶77). On March 27, 2013, the Bankruptcy Court

16   approved the motion to merge. In Re AMR, No. 7587, Case No. 11-15463 (SHL)

17   (S.D.N.Y. filed Apr. 11, 2013)  On April 15, 2013, the Debtors filed a proposed Plan of

18   Reorganization (POR), that seeks court approval of the POR at a hearing scheduled for

19   August 15, 2013. Debtors' Joint Ch. 11 Plan, In Re AMR, No. 7631, Case No. 11-15463

20   (SHL) (S.D.N.Y. filed Apr. 15, 2013)  If the POR is approved, US Airways will become

---

[2] It is fundamentally unfair to require USAPA to repeatedly defend the same issues over and over. The continued absence of any finalized integrated seniority system affecting West Pilots in the face of at least three decisions rejecting these claims on ripeness grounds makes this proceeding especially unreasonable and vexatious. Absent prompt and voluntary withdrawal of this repetitive and vexatious complaint, USAPA reserves its right to seek appropriate remedies. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b).

[3] USAPA accepts as true the facts alleged in the Complaint only for purposes of this motion.

a wholly-owned subsidiary of AMR Corporation.[4]

Memorandum of Understanding (MOU). As a result of negotiations during December 2012 and January 2013, and as a prelude to the agreement between US Airways and American Airlines to merge, four parties – US Airways, USAPA, American Airlines, and the APA – entered into the MOU that would govern the terms and conditions of employment of the US Airways and American Airlines pilots after the approval of the POR.

The MOU sets forth the procedures to be used by the parties for reaching:  (a) a Merger Transition Agreement ("MTA") between APA and New American Airlines; and (b) a joint collective bargaining agreement ("JCBA") to apply to the merged American Airlines and US Airways pilots. (MOU, at ¶1, Doc. 14-3 p. 56 of 149 )[5]  The MOU must be approved by the Bankruptcy Court. MOU, at ¶30, Doc. 14-3 p. 68 of 149)[6]  On the effective date of the POR, new compensation and working conditions go into effect for US Airways pilots, including significant pay increases for all US Airways pilots, the seniority integration process begins, and USAPA and APA begin joint negotiations for a JCBA.

With respect to the issues relevant herein, the MOU does not make any immediate changes in the terms and working conditions of US Airways pilots nor in the current two-list seniority system at US Airways until the completion of the statutorily mandated process for merging seniority lists (MOU, at ¶10.h,  Doc. 14-3 at p.62 of 149).

---

[4] The merger will result in a new airline called New American Airlines.
[5] The MOU was submitted by Defendants in support of their motion for preliminary injunction and incorporated by reference in the complaint in paragraphs 32, 78-82, 99, 105-106, 108-109, and 123. *See United States v. Ritchie*, 342 F.3d 903, 908-909 (9th Cir. 2003) (In determining a motion to dismiss, the Court may consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice without converting it into a motion for summary judgment.).
[6] The date of approval of the POR is known as the Effective Date of the merger.

On February 8, 2013, the MOU was ratified by 75% of USAPA's membership. (Complaint, ¶79). 97.69% of the Phoenix pilots voted in favor of the MOU.[7]

McCaskill-Bond Proceeding. As to seniority integration, the MOU explicitly provides that a seniority integration process, as required by the McCaskill-Bond Amendment to the Federal Aviation Act, 49 U.S.C. § 42112, shall commence "as soon as possible after" the Effective Date. (Complaint, ¶81; MOU, ¶10.a)  The first step under McCaskill-Bond is for the unions representing the two groups of employees to attempt to settle the matter through direct negotiations, and if that is unsuccessful, the second step is binding arbitration resulting in the issuance of a "final and binding" decision (MOU, ¶10) that integrates seniority "in a fair and equitable manner." *See* 49 U.S.C. § 42112. The MOU implements these provisions by requiring the parties to attempt to reach an agreement during the 90-day period following the Effective Date and, if no agreement is reached, to commence an arbitration process before a panel of three neutral arbitrators. (MOU, ¶10.1)  The MOU explicitly provides that "neither this Memorandum nor the JCBA shall provide a basis for changing the seniority lists currently in effect at US Airways other than through" the McCaskill-Bond process as detailed in the MOU. (MOU, ¶10.h, Doc. 14-3, p. 62; Complaint, ¶82) The MOU thus provides that the *status quo* regarding seniority is maintained and that the current two list system at US Airways (one for the former America West pilots and one for the former US Airways pilots) shall continue in effect until the McCaskill-Bond process concludes either through agreement or through a decision from the three-member arbitration panel.

---

[7] *See* Exhibit A to the Declaration of Patrick J. Szymanski attached hereto. *See also* Ted Reed, *US Airways Pilots Approve Merger Contract in Win for Union President,* Forbes (Feb. 8, 2013, 6:11 PM), http://www.forbes.com/sites/tedreed/ 2013/02/08/us-airways-pilots- approve-merger-contract -in-win-for-union-president/, reporting that 98% of the Phoenix-based pilots approved the MOU.

1   <u>Plaintiffs' Claims</u>. On March 6, 2013, Plaintiffs filed the instant Complaint

2   alleging that USAPA has breached its duty of fair representation. Plaintiffs' central

3   substantive allegation is that USAPA breached its DFR by failing to require

4   implementation of the ALPA seniority proposal as part of the MOU (Complaint, ¶¶97-

5   99). Plaintiffs ask the Court to enter a judgment that USAPA violated its DFR by entering

6   into the MOU without requiring an "agreement to implement the Nicolau Award list"

7   (Complaint, ¶120) and that USAPA "is continuing to violate the duty of fair

8   representation by insisting that it will use a date-of–hire seniority list rather than the

9   Nicolau Award list" (*id.* ¶121). Plaintiffs also request judgment that "US Airways, with

10  the consent of USAPA, is in breach of the implied covenant of the Transition

11  Agreement" (*id.* ¶122), an injunction "requiring Defendants to conduct seniority

12  integration according to the MOU procedures but using the seniority order in the Nicolau

13  Award list to order the US Airways pilots" (id. ¶123) and a judgment "awarding

14  Plaintiffs the reasonable litigation expenses, including attorneys' fees, incurred since

15  2008 protecting the fair representation rights of the US Airways Pilots" (*id.* ¶124).

16      US Airways has moved to dismiss the claims against it on the grounds that they

17  are minor disputes within the meaning of the Railway Labor Act and therefore not within

18  the jurisdiction of this Court. (Doc. 28) USAPA moves to dismiss the claims against it in

19  their entirety for the reasons stated below.

20                          **ARGUMENT**

21                          **POINT I**

22      **PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA***

23      The crux of Plaintiffs' DFR claim is that USAPA "breached the duty of fair

24  representation by entering into the MOU with the firm *intention* of using a date-of-hire

25  seniority list rather than the Nicolau Award list." (Complaint, ¶99) (emphasis added).

26  However, the issue of whether USAPA can negotiate seniority with the intention of using

27  something other than the Nicolau Award was adjudicated by this Court in October 2012

28  when it granted USAPA summary judgment in the Declaratory Judgment Action, holding

that "USAPA's seniority proposal does not automatically breach its duty of fair representation." Plaintiffs did not appeal. Accordingly, this Court's judgment is *res judicata* and bars Plaintiffs from re-litigating their claim that USAPA is bound to negotiate for the Nicolau award or that failure to include a requirement in the MOU to negotiate for the Nicolau award violates its duty of fair representation. 2:10-cv-01570-ROS, Doc. 193, p. 8.

The issue of whether the 2005 Transition agreement somehow required USAPA to incorporate the Nicolau award in the MOU was also litigated and rejected. The Court held that "[i]t is undisputed that the Transition Agreement can be modified at any time[,]" Doc. 193 p. 7, and that "there is no obvious impediment to USAPA and US Airways negotiating and agreeing upon any seniority regime they wish." *Id.*

*Res judicata* prevents the re-litigation of a claim previously tried and decided. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). For the doctrine to apply, there must be (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

When applicable, *res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. In determining whether successive lawsuits involve the same cause of action, a court will consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Clark*, 966 F.2d at 1320 (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

*Res judicata* applies to this case and bars Plaintiffs' claims. The parties to this

action and the Declaratory Judgment Action are identical. The issue of whether USAPA, and, by extension, US Airways, are free to negotiate a non-Nicolau seniority proposal was precisely the basis of the Declaratory Judgment Action in which US Airways sought declaratory relief clarifying the "parties' respective rights, constraints and obligations" as to the Nicolau Award. 2:10-cv-01570-ROS, Doc. 1, p. 3. In bringing that suit, US Airways contended it needed clarification "in order to determine the range of permissible proposals in the collective bargaining agreement negotiations", and sought one of three alternative judgments. *Id.*, at p. 5. Thus, the two suits involve the alleged infringement of the same rights – whether USAPA's duty to the former America West Pilots or the 2005 Transition Agreement require USAPA to negotiate seniority integration that includes the Nicolau Award.

That this action focuses, in large part, on what should be the starting point for the McCaskill-Bond process, rather than on the negotiation of a collective bargaining agreement between USAPA and US Airways, does not distinguish it from this Court's prior holding or that of the Ninth Circuit in *Addington I*. There are only two grounds for ordering USAPA to use the ALPA seniority proposal as the starting point. The first is that it is required by the 2005 Transition Agreement. As stated below (Point II.2), that claim is a minor dispute under the Railway Labor Act and therefore not within the jurisdiction of this Court. The second is that it is required by USAPA's duty of fair representation. But that is in all respects the same claim made in *Addington I* and previously before this Court, namely that USAPA's duty of fair representation requires it to adhere to the ALPA proposal. That claim was previously rejected and under the doctrine of *res judicata* that previous decision controls. [1]   The Complaint should be dismissed.

---

[1] Re-litigation of ripeness is likewise barred by the doctrine of collateral estoppel, which requires that: (1) the issue at stake be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary

**POINT II**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST USAPA**

**1. Plaintiffs' DFR claim is not ripe for the same reasons held by the Ninth Circuit in *Addington I* and by this Court in the Declaratory Judgment Action.**

"Ripeness is a constitutional prerequisite for jurisdiction." *U.S. v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009). A court has no jurisdiction to review claims unless they are ripe. *Id.* The Ninth Circuit in *Addington I* stated that "[a] question is fit for decision when it can be decided without considering 'contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Addington*, 606 F.3d at 1179 (quoting *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002)).

Plaintiffs' DFR claim against USAPA is no more ripe now than it was in 2010 when the Ninth Circuit remanded the case to the District Court with directions to vacate its judgment and dismiss the action. The claim is equally no more ripe now than it was in 2011 when this Court dismissed Plaintiffs' cross-claim in the Declaratory Judgment Action (2:10-cv-01570-ROS, Doc. 85, p. 9), and again in 2012 when this Court granted summary judgment for USAPA for the simple reason that  there is still no final collective bargaining agreement.

If anything, there are more "contingencies" now than at the time the Ninth Circuit held the DFR claim was not ripe due to the presence of numerous contingencies. As to

---

part of the judgment in the earlier action. *Clark*, 966 F.2d at 1320-21 (citations omitted); *see also Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997). The District Court's dismissal of the "West Pilots' Cross-Claim as not ripe" bars re-litigation of that issue. 2:10-cv-01570-ROS, Doc. 85, p. 9; *In re Brooks-Hamilton*, 271 F. App'x 654, 657 (9th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a final judgment on the merits . . . but such dismissal does preclude re-litigation of the jurisdictional issue there presented, in a subsequent action."), citing *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 538, 538 n. 1 (9th Cir. 1983).

1    seniority, Plaintiffs are in the exact same position as they were in 2008. There is no final

2    combined seniority integration list, and now, as before, US Airways seniority is governed

3    by the East and West CBAs. The MOU, which is not a final and binding collective

4    bargaining agreement as set forth above, does not affect this analysis at all.

5              As to seniority integration, there are several contingent events that must take place

6    before there is an Integrated Seniority List. Because any one of the contingent events

7    might not take place, Plaintiffs' DFR claim is not ripe for judicial adjudication. *See*

8    *Richardson*, 124 F.3d at 1160-61. These contingent events include bankruptcy court

9    approval of the MOU and the POR, approval by the Antitrust Division of the Justice

10   Department, petition to and determination made by the National Mediation Board for

11   Single Carrier Status, and negotiation and/or arbitration of a Joint Collective Bargaining

12   Agreement.

13

14             Given the foregoing circumstances, Plaintiffs are in the position of urging the

15   Court "to rule based on future events that may not occur as anticipated, or indeed may not

16   occur at all." *Steffenson v. Ives*, 2011 WL 4710798, at *1 (E.D. Cal. Oct. 4, 2011).

17   Moreover, no action as to seniority integration has been taken by USAPA for this Court

18   to review. *See Schneider v. Amador County*, 2013 WL 898054, at *6 (E.D. Cal. Mar. 8,

19   2013) ("even assuming all of plaintiff's allegations are true, no action has been taken by

20   or on behalf of the County for this court to review and, while it is possible some event

21   could occur in the future between plaintiff and the County that could warrant review in

22   federal court, this claim is not yet ripe. No such event has occurred at this time.") (citing

23   *U.S. v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009)), Report and Recommendation

24   Adopted, 2013 WL 1325212 (E.D. Cal. Mar. 28, 2013). The seniority integration process

25   with the APA has not even begun. It is purely speculative that either the APA or USAPA

26   would agree in direct negotiations to an integrated seniority list that does or does not

27   order seniority on a date-of-hire or any other basis. Further, it is pure speculation what a

28

panel of arbitrators would decide is "fair and equitable" in the event the issue went to arbitration under the McCaskill-Bond process. The uncertainty that was the basis for the Ninth Circuit's conclusion that Plaintiffs' DFR claim was not ripe applies with even greater force now. *Addington*, 606 F.3d at 1180 ("Thus, even under the district court's injunction mandating USAPA to pursue the Nicolau Award, it is uncertain that the West Pilots' preferred seniority system ever would be effectuated.").

At this time, no one knows what seniority integration list will ultimately be part of the final merger. "[T]he Supreme Court case that clarified that the DFR was applicable during contract negotiations articulated its holding in terms that imply a claim can be brought only after negotiations are complete and a 'final product' has been reached." *Addington*, 606 F.3d at 1182 (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78, 111 S.Ct. 1127 (1991)); *see also* 2:10-cv-01570-ROS, Doc. 193, p. 7 ("Pursuant to the Ninth Circuit's decision, any claim for breach of the duty of fair representation will not be ripe until a collective bargaining agreement is finalized."). Negotiations are not complete and a "final product" will not be reached unless and until the merger is complete. Because numerous uncertain future contingencies make Plaintiffs' claim speculative, the DFR claim is not yet fit for judicial decision, and the complaint should be dismissed.

**2. Plaintiffs' DFR claim rests on interpretation of the MOU, and is thus a "minor dispute" within the exclusive jurisdiction of the System Board of Adjustment.**

It is well established that under the RLA disputes growing out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions are subject to mandatory arbitration before the System Board of Adjustment. 45 U.S.C. §§ 184; *Consol. Rail. Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 303, 109 S.Ct. 2477, 2480 (1989) ("*Conrail*"); *International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha Airlines*, 776 F.2d 812, 815 (9th Cir. 1985). Such disputes,

denominated as "minor disputes" "contemplate[] the existence of a collective agreement already concluded . . . The dispute relates either to the meaning or proper application of a particular provision . . ." *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1290 (1945). Major disputes, on the other hand, involve disputes concerning the formation of collective agreements, and "therefore the issue is not whether an existing agreement controls the controversy." *Id.* "When in doubt, courts construe disputes as minor." *Ass'n of Flight Attendants v. Mesa Air Group, Inc.*, 567 F.3d 1043, 1047 (9th Cir. 2009) (citing *Bhd. of Locomotive Eng'rs v. Burlington Northern R. Co.*, 838 F.2d 1102, 1111 (9th Cir. 1988)).

Plaintiffs' claims in this action are premised on their assertion that the ratification of the MOU now makes their DFR claim ripe. (Complaint, ¶32) Even if Plaintiffs were free to collaterally attack this Court's judgment, the essence of their claim is that the MOU is a collective bargaining agreement necessitating implementation of the Nicolau Award, which is a "minor dispute." As the System Board has exclusive jurisdiction over "minor disputes", the instant action must be dismissed for lack of subject matter jurisdiction.[8] *Conrail*, 491 U.S. at 310, 109 S.Ct. 2477.

## POINT III

## PLAINTIFFS FAIL TO STATE A DFR CLAIM AGAINST USAPA

### 1.  The complaint fails to allege facts to support a DFR claim.

In the event this Court decides this case is ripe for review and/or not barred by *res judicata*, the complaint should nevertheless be dismissed for failure to state a claim. In deciding a Rule 12(b)(6) motion to dismiss, a court must determine "whether the

---

[8] Plaintiffs' claim that the MOU is the "single agreement" referred to in the 2005 Transition Agreement, and that because the MOU has been ratified the Nicolau Award must be implemented under the terms of that Transition Agreement is equally an issue that requires interpretation and application of the Transition Agreement and is therefore also "minor dispute" within the exclusive jurisdiction of the System Board of Adjustment. (See Complaint, ¶¶34, 42, 102-110)

11

complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)).

Plaintiffs have alleged nothing but conclusory allegations in support of their DFR claim against USAPA. "[L]egal conclusions . . . cast in the form of factual allegations" are insufficient to defeat a motion to dismiss. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011), cert. denied 132 S.Ct. 850 (2011). Aside from reciting the events leading up to the Nicolau Award, the findings of Judge Wake in *Addington I* (which were vacated and dismissed and thus carry no weight), and the Declaratory Judgment Action, Plaintiffs fail to allege any facts supporting their claim that "USAPA does not have a legitimate union purpose to use anything other than the Nicolau Award list to integrate East Pilots and West Pilots." (Complaint, ¶98)

Absent from the complaint are any allegations that USAPA's conduct in entering into the MOU was "arbitrary, discriminatory, or in bad faith", the *sine qua non* of a DFR claim. *See Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903 (1967). Instead, the DFR claim is reduced to mere tautologic repetition of a legal principle but no actual facts as to the alleged DFR.

Moreover, given the current circumstances, *i.e.*, the proposed merger between US Airways and American Airlines, the Complaint is significant for its lack of any allegations to suggest that "in light of the factual and legal landscape at the time", USAPA's behavior "is so far outside a 'wide range of reasonableness,' . . . as to be irrational." *O'Neill*, 499 U.S. at 67, 111 S.Ct. 1127, 1130 (quoting *Ford Motor Co. v.*

12

*Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953)). Integrating seniority is a complex issue affecting employees after a merger, and is often the subject of litigation by disgruntled and unsatisfied minority employees. *See Herring v. Delta Air Lines*, 894 F.2d 1020, 1023 (9th Cir. 1989) ("The integration of a seniority list is a difficult undertaking because of the inevitability that some individual employees will be disadvantaged in comparison to others.").

There is no escaping the reality that a merger between US Airways and American Airlines, an airline with a much larger pilot workforce, changes the factual landscape and the interests of USAPA. This is no longer an intra-union dispute between East and West Pilots. In its negotiations with the APA, USAPA must protect the interests of all US Airways pilots in relation to the interests of a much larger airline and pilot workforce. To that end, Plaintiffs and the putative West Pilots may find that their interests are in fact aligned with the interests of the East Pilots, and that the seniority list in the Nicolau Award is less important, if important at all. In addition, USAPA is legally bound to follow the seniority integration process required by the McCaskill-Bond process. Given these intervening circumstances, the Complaint fails to allege facts which reasonably permit the Court to infer a plausible DFR claim against USAPA, and the Complaint should be dismissed.

**2.  West Pilots' overwhelming support for the MOU precludes a DFR claim.**

The complaint alleges that "The MOU was ratified by 75% of USAPA's membership on February 8, 2013." (Complaint, ¶ 79) In fact, 97.69% of the Phoenix pilots voted for the MOU.[9] Plaintiffs admit they understood that the MOU did not address the Nicolau

---

[9] *See* Official Election Results issued by USAPA's Ballot Certification Committee, Exhibit A to the Declaration of Patrick J. Szymanski attached hereto. Because the vote count is alleged in the complaint and there can be no question as to the authenticity of the document, the Court may consider it. *See Twombly*, 550 U.S. at 568 n.13, 127 S.Ct. at 1973 n.13 (district court was entitled to take notice of full contents of article referenced in complaint); *Parrino v. FHP, Inc.* 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by*

1  issue (Complaint, ¶82) and that USAPA entered into the MOU with the "firm intention"

2  of using date of hire list instead of the Nicolau list. (*Id.* at ¶99) Under these circumstances

3  and in light of their overwhelming ratification of the MOU, Plaintiffs fail to state a claim

4  for breach of the duty of fair representation. *Gullickson v. Southwest Airlines Pilots'*

5  *Ass'n*, 87 F.3d 1176, 1183-84 (10th Cir. 1996); *see also Papcin v. Dichello Distributors,*

6  *Inc.*, 697 F.Supp. 73, 80 (D. Conn. 1988) (In dismissing plaintiffs' hybrid DFR claim,

7  finding that the 1980 agreement modified seniority provisions, and "plaintiffs knew this

8  to be the case when they voted to ratify the 1980 agreement.), judgment aff'd in

9  unpublished decision 862 F.2d 304 (2d Cir. 1988). Under these cases, the overwhelming

10  approval of the MOU amounts to ratification of USAPA's decision not to include the

11  Nicolau list in the MOU and "a knowing and voluntary waiver" of any DFR claim

12  against USAPA based on the MOU. The DFR claim should be dismissed on this

13  independent ground. *Gullickson*, 87 F.3d at 1185.

14

15  **POINT IV**

16  **PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES**

17       As a general rule, attorneys' fees are not recoverable absent specific statutory

18  authority or enforceable contract, and when recoverable, only to prevailing parties.[10]  *See*

19  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Benda v.*

20  *Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 318

21  (9th Cir. 1978), cert. dismissed *Grand Lodge of Intern. Ass'n Aerospace Workers v.*

22  *Benda*, 441 U.S. 937 (1979). Despite this well-established legal rule, plaintiffs make the

23  extraordinary claim that they are entitled to attorneys' fees, not only for this action, but

24

25  *statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681

26  (9th Cir. 2006) (district court may consider documents "whose contents are alleged in a

27  complaint and whose authenticity no party questions, but which are not physically

    attached to the [plaintiff's] pleading.").

28  [10] The Railway Labor Act does not provide for fee awards. *See Rogers v. Air Line Pilots Ass'n*, 988 F.2d 607, 615 n. 9 (5th Cir, 1993).

for two previously dismissed DFR actions. (Complaint, ¶¶114-119)

Plaintiffs did not seek attorneys' fees in either *Addington I* or the Declaratory Judgment Action, and it is without dispute that Plaintiffs were not "prevailing" parties in either litigation. *See Park, ex rel. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006) ("For the purposes of attorney's fees awards, a prevailing party is defined as 'a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'") (internal citations omitted) (emphasis included); *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) ("A dismissal of an action, whether on the merits or not, generally means the defendant is the prevailing party."). As the losing party to both cases, Plaintiffs achieved no benefit for the West Pilots whose interests they represented, and certainly not for the East Pilots who plaintiffs concede reject the Nicolau Award. There is simply no definition of "prevailing" that encompasses the rejection of plaintiffs' claims in those actions and to argue otherwise is plainly frivolous. Accordingly, Plaintiffs' claim for attorneys' fees should be dismissed.

### POINT V
### THE COURT SHOULD STRIKE THE COMPLAINT'S IMPROPER CITATIONS TO THE DISTRICT COURT DECISION IN *ADDINGTON I*

Plaintiffs' improper citations and reference to the District Court's decision in *Addington I* and their attempts to include it in the record are improper and should be stricken.

The District Court's decision in *Addington I* was vacated on appeal. Precedent uniformly holds that an appellate court's decision vacating a lower court's judgment or order "effectively annuls or sets aside the lower court's decision for all purposes" and "the appealed from judgment or order" should be treated "as if [it] never occurred." C. Goelz & M. Watts, R*utter's California Practice Guide: Federal Ninth Circuit Civil Appellate Practice* § 10:231 (emphasis in original), citing *State of Calif. Dept. of Social*

*Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003).[11]  In denying Plaintiffs' motion in the Declaratory Judgment Action to transfer that case to him, Judge Wake himself said, "[T]he substantive rulings in *Addington* have been vacated pursuant to mandate, and both cases would now write on clean slates if there were anything to write in *Addington*, which there is not." *Addington v. US Airline Pilots Ass'n*, 2010 WL 4117216, at *3 (D. Ariz. Oct. 19, 2010). The attempt by Plaintiffs to interject portions of vacated rulings in *Addington I* in paragraphs 66-68 of the Complaint should be stricken.

## CONCLUSION

For the foregoing reasons, USAPA respectfully requests that claims against USAPA be dismissed in their entirety and that the Court strike all references to *Addington I* in the Complaint.

Respectfully submitted this 22nd day of April 2013.

**Martin & Bonnett, P.L.L.C.**

By:  s/Susan Martin
Susan Martin
Jennifer L. Kroll
Martin & Bonnett
1850 N. Central Ave., Suite 2010
Phoenix, AZ  85004

Patrick J. Szymanski (*pro hac vice*)
Patrick J. Szymanski, PLLC
1900 L Street, NW, Suite 900
Washington, DC  20036

Brian J. O'Dwyer (*pro hac vice*)

---

[11] *Accord id.*, § 10:260 ("with reversal on appeal, the Ninth Circuit's vacatur of a district court judgment nullifies and renders the judgment inoperative", citing *United States v. Munsingwear*, 340 U.S. 36, 40-41 (1950) (vacatur prevents judgment from "spawning any legal consequences"); *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) (district court's ruling on merits of certain claims issued without subject matter jurisdiction vacated as nullities").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gary Silverman (*pro hac vice*)
Joy K. Mele (*pro hac vice*)
O'Dwyer & Bernstien, LLP
52 Duane Street, 5th Floor
New York, NY 10007

Attorneys for US Airline Pilots Association

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on April 22, 2013, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

4

5

Marty Harper
Andrew S. Jacob

6

Jennifer Axel

7

Polsinelli & Shughart, PC
CityScape

8

One East Washington St., Ste. 1200
Phoenix, AZ 85004

9

10

Attorneys for Plaintiffs

11

US Airways, Inc.

12

Karen Gillen

13

111 West Rio Salado Parkway
Tempe, AZ 85281

14

15

Robert A. Siegel
Chris A. Hollinger

16

400 South Hope Street, Suite 1500
Los Angeles, CA 90071-2899

17

18

Attorneys for US Airways, Inc.

19

20

21

s/J. Kroll

22

23

24

25

26

27

28

18