US Airways, Inc.
KAREN GILLEN, State Bar No. 018008
karen.gillen@usairways.com
111 West Rio Salado Parkway
Tempe, AZ  85281
Telephone:  (480) 693-0800
Facsimile:  (480) 693-5932

O'Melveny & Myers LLP
ROBERT A. SIEGEL (*pro hac vice*)
CHRIS A. HOLLINGER (*pro hac vice*)
rsiegel@omm.com
chollinger@omm.com
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

Attorneys for Intervenor
US Airways, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington, *et al.*, on behalf of themselves and all similarly situated former America West Pilots, | Case No.  2:13-cv-00471-ROS |
| Plaintiffs, | **US AIRWAYS, INC.'S MOTION FOR LIMITED INTERVENTION UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| vs. | |
| US Airline Pilots Ass'n, an unincorporated association, | |
| Defendant, | |
| _____ | |
| US Airways, Inc., | |
| Intervenor. | |

US Airways, Inc. ("US Airways"), by and through its undersigned counsel, hereby files this motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. This motion is supported by the following memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

In prior briefing to this Court on its motion to dismiss plaintiffs' breach-of-contract claim (Count Two), US Airways explained that:  "US Airways has a significant interest in the prompt and final resolution of the merits of plaintiffs' DFR claim against USAPA.  It therefore intends to file a motion for limited intervention under Rule 24 of the Federal Rules of Civil Procedure if and when its motion to dismiss is granted."  (US Airways' Reply In Support Of Motion To Dismiss (Doc. No. 54), at p. 3 n.2 (p. 4 of ECF filing).)  On July 19, 2013, the Court granted US Airways' motion to dismiss.  (Order (Doc. No. 122), at pp. 6:18-7:1.)  In accordance with Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, US Airways thus moves for intervention in this lawsuit for the limited purposes of protecting its interest in:

    (i)    a prompt resolution of the merits of the West Pilots' claim against defendant US Airline Pilots Association ("USAPA") for breach of the duty of fair representation ("DFR") – including ensuring that US Airways has the right to participate in potential additional district court and appellate proceedings with regard to the ripeness of the West Pilots' claim; and

    (ii)    a prompt determination that the West Pilots have the right under the federal McCaskill-Bond statute to full and separate representation in the upcoming seniority-integration proceedings between the pilots employed by US Airways and American Airlines, Inc. ("American") – contrary to the position that USAPA has recently taken in this litigation.

The requested intervention is necessary to protect US Airways' significant interest in achieving a seniority integration of the US Airways and American pilots in accordance with the schedule prescribed in the Memorandum of Understanding ("MOU") that was executed in connection with the US Airways/American merger by US Airways,

American, USAPA representing the US Airways pilots, and the Allied Pilots Association representing the American pilots.  Under the MOU, the US Airways/American seniority-integration process is scheduled to begin "as soon as possible" after the close of the merger transaction, which is currently anticipated to occur during the third quarter of this year.

Because the plaintiffs' DFR claim against USAPA implicates how USAPA may proceed under the terms of the MOU (i.e., whether it must use the Nicolau Award as the sole basis for determining the relative seniority ordering of East and West Pilots), and because the plaintiffs' McCaskill-Bond declaratory-relief claim (set forth in their proposed First Amended Complaint) implicates how all of the parties may proceed vis-à-vis the West Pilots, a failure to promptly resolve the merits of these claims would threaten to disrupt and delay the process of integrating US Airways and American pilots following the merger.  That process is central to the airline's realization of the operational and financial benefits from the combined pilot workforce that is contemplated by the MOU and the merger.  Accordingly, while US Airways has been and still is neutral regarding the merits of the underlying DFR claim between USAPA and the West Pilots, it has a significant protectable interest in seeing that the plaintiffs' claims against USAPA are resolved promptly and on the merits and, with respect to the McCaskill-Bond issue, a significant interest in confirming its legal position that its obligation under McCaskill-Bond to provide for a "fair and equitable" seniority integration entails affording an opportunity for full and separate participation by the West Pilots under the circumstances of this case.

US Airways therefore respectfully seeks intervention as of right under Rule 24(a) or, alternatively, permissive intervention under Rule 24(b).[1]

---

[1]     Rule 24(c) provides that a motion for intervention shall be accompanied by a "pleading that sets out the claim or defense for which intervention is sought."  Attached hereto is US Airways' Intervention Pleading, which sets forth the grounds for US Airways' requested intervention, including the "claim . . . for which intervention is sought" within the meaning of the case law applying Rule 24(b)(1)(B).

2

## FACTUAL AND PROCEDURAL BACKGROUND

In order to avoid unnecessary repetition, US Airways refers the Court to its "Intervention Pleading Pursuant To Rule 24 Of The Federal Rules Of Civil Procedure" filed concurrently herewith and incorporates by reference the material contained therein (in particular, ¶¶ 1-7).

## ARGUMENT

### I.      US AIRWAYS SATISFIES ALL OF THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24(a).

Intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure should be granted where:  (a) the movant has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect its interest; (3) the motion to intervene is timely; and (4) the existing parties may not adequately represent the movant's interest.  *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).  In evaluating these requirements, "courts are guided primarily by practical and equitable considerations [and] construe the Rule broadly in favor of proposed intervenors."  *Id.*

#### A.      **US Airways' Interest In Ensuring That The US Airways/American Pilots Seniority Integration Takes Place According To The Schedule Prescribed In The MOU And In Accordance With Its Obligations Under McCaskill-Bond, So That That There Is No Delay In The Realization Of The Operational And Financial Benefits From A Combined Pilot Workforce, Is A Significant Protectable Interest.**

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry.  No specific legal or equitable interest need be established."  *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).  As the Ninth Circuit has explained:

> By allowing parties with a ***practical*** interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views

3

before the court.  *City of Los Angeles*, 288 F.3d at 398 (emphasis in original).

The MOU, to which US Airways is a party, contains a schedule for the initiation and completion of the seniority-integration process between the US Airways (East and West) pilots and the American pilots.  (*See, e.g.,* US Airways, Inc.'s Intervention Pleading Pursuant To Rule 24 Of The Federal Rules Of Civil Procedure ("Intervention Pleading"), filed concurrently herewith, ¶ 2.)  Compliance with an agreement to which a proposed intervenor is a party constitutes a significant protectable interest.  *See City of Los Angeles*, 288 F.3d at 400 (finding that police union had protectable interest where proposed resolution to litigation, namely, a consent decree between the parties, potentially conflicted with terms of union's collective bargaining agreement); *EEOC v. AT&T*, 506 F.2d 735, 741-42 (3rd Cir. 1974) (intervention appropriate where contractual rights of movant may be affected).

Here, plaintiffs seek an injunction requiring USAPA "to conduct seniority integration according to the MOU procedures but using the seniority order in the Nicolau Award list to order the US Airways pilots."  (FAC ¶ 136; Doc. No. 124 Ex. 2; Compl. ¶ 123.)  They also seek a declaratory judgment against USAPA that the West Pilots have the right under McCaskill-Bond to full and separate representation (with counsel of their own choosing) in the seniority-integration negotiation/arbitration proceedings with the American pilots.  (*See* FAC ¶ 137.)  Because the plaintiffs' DFR claim implicates how USAPA may proceed under the terms of the MOU, and because their McCaskill-Bond declaratory-relief claim implicates how all of the parties may proceed vis-à-vis the West Pilots, a failure to promptly resolve the merits of these claims would threaten to disrupt and delay the process of integrating US Airways and American pilots following the merger – a process that is central to the airline's realization of the operational and financial benefits from the combined pilot workforce that is contemplated by the MOU and the merger.  Accordingly, while US Airways has been and still is neutral regarding the merits of the underlying DFR claim between USAPA and the West Pilots, it has a

4

1  significant protectable interest in seeing that the plaintiffs' claims against USAPA are

2  resolved promptly and on the merits.

3       The Court's July 19, 2013 ruling that plaintiffs' DFR claim against USAPA is ripe,

4  and its scheduling of a September 24, 2013 trial on the merits of that claim (consolidated

5  with the hearing on plaintiffs' motion for preliminary injunction), are consistent with

6  US Airways' interest as described above.  But US Airways still has a strong and

7  continuing interest in ensuring that the remaining proceedings before this Court are

8  conducted in a manner that promotes a prompt resolution of the merits of the West Pilots'

9  claims.  With respect to the dispute regarding the West Pilots' role in the McCaskill-Bond

10  process, which was not addressed in the Court's July 19 Order, US Airways has a

11  significant protectable interest in a prompt resolution as well as confirmation of its legal

12  position (disputed by USAPA) that its obligation under McCaskill-Bond to provide for a

13  "fair and equitable" seniority integration entails affording an opportunity to the West

14  Pilots to have a "separate seat at the table" under the circumstances of this case.  *Cf. Smith

15  v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir. 1980) ("In appropriate circumstances,

16  therefore, *stare decisis* may supply the requisite practical impairment warranting

17  intervention of right.").

18       As to plaintiffs' DFR claim, USAPA continues to assert that the West Pilots' claim

19  is not ripe notwithstanding the Court's July 19 ruling to the contrary.  (*See* Answer Of US

20  Airline Pilots Association (Doc. No. 123), at p. 15:3-4 (asserting, as second affirmative

21  defense, that "The Complaint does not present a claim that is ripe for adjudication.").)

22  Additionally, US Airways has a strong interest in being a party in this case so that, unlike

23  in *Addington I*, *Addington v. US Airline Pilots Ass'n*, 606 F.3d 1174 (9th Cir. 2010), it

24  may participate in any future proceedings before the Ninth Circuit – especially with

25  regard to the ripeness of the West Pilots' DFR claim against USAPA.

26       US Airways seeks to intervene only for the limited purposes of protecting the

27  specific interests described herein.  It is within the Court's discretion to "limit intervention

28  to particular issues" or to allow intervention for "a limited purpose."  *Dep't of Fair Empl.*

5

1  & *Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (court has "discretion to

2  limit intervention to particular issues"); *In re NSA Telcoms. Records Litig.*, 2007 U.S.

3  Dist. LEXIS 14473, at *41-42 (N.D. Cal. Feb. 20, 2007) (court may grant intervention for

4  "a limited purpose"); *Harris v. Pernsley*, 820 F.2d 592, 599 (3rd Cir. 1987) (movant for

5  intervention "may have a sufficient interest to intervene as to certain issues in an action

6  without having an interest in the litigation as a whole").

7  **B.    The Disposition Of This Action May, As A Practical Matter, Impair Or Impede US Airways' Ability To Protect Its Interests.**

8

9  In determining whether an interest may be impaired or impeded, courts have been

10  guided by the Advisory Committee's notes on Rule 24, which provide that "if an absentee

11  would be substantially affected in a practical sense by the determination made in an

12  action, he should, as a general rule, be entitled to intervene."  *Sw. Ctr. for Biological*

13  *Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting from Fed. R. Civ. P. 24

14  advisory committee's notes); *see also City of Los Angeles*, 288 F.3d at 401 ("the relevant

15  inquiry is whether the [disposition of the action] 'may' impair rights 'as a practical

16  matter,'" and not whether it "will 'necessarily' impair them") (citation omitted).

17  US Airways may be substantially affected if this action does not promptly generate

18  a disposition on the merits of plaintiffs' claims against USAPA and/or if the West Pilots'

19  role in the McCaskill-Bond process is adjudicated without US Airways' participation.  *See*

20  *Smith*, 651 F.2d at  1325.  As noted in Section I.A, *supra*, the plaintiffs' claims against

21  USAPA implicate how the parties may proceed, and, as a result, a failure to promptly

22  resolve the merits of those claims or a resolution that results in additional legal challenges

23  would threaten to disrupt and delay the process of integrating US Airways and American

24  pilots.  That is a process which is central to the airline's realization of the operational and

25  financial benefits from the combined pilot workforce that is contemplated by the merger.

26  **C.    US Airways' Motion Is Timely.**

27  US Airways filed this motion soon after the Court's July 19 decision on its motion

28  to dismiss and the plaintiffs' July 25 motion for leave to file a first amended complaint – a

6

1   proposed pleading which, except for purposes of preserving plaintiffs' rights on appeal,

2   does not assert any claims against US Airways.  (*See* Doc. No. 124, at p. 3:8-16.)  Those

3   two events rendered US Airways a non-party and thus eligible to intervene.  US Airways'

4   intervention at this stage of the lawsuit will not cause prejudice to plaintiffs or to USAPA.

5   This motion is timely.

6        **D.    Plaintiffs And USAPA May Not Adequately Represent US Airways'**
         **Interests.**

7

8        Only a "minimal showing" is required to demonstrate that representation of the

9   proposed intervenor's interest by the existing parties "may" be inadequate.  *City of Los*

10  *Angeles*, 288 F.3d at 402.  The most important consideration "is how the interest [of the

11  proposed intervenor] compares with the interests of existing parties."  *Arakaki v.*

12  *Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  In this case, plaintiffs' and USAPA's

13  interests lie fundamentally in successfully prosecuting or successfully defending the West

14  Pilots' DFR and McCaskill-Bond declaratory-relief claims, regardless of how the

15  litigation of those claims ultimately might affect the timing of the seniority-integration

16  process between the US Airways and American pilots.

17       Plaintiffs have made clear their desire to obtain a prompt adjudication of the merits

18  of their claims against USAPA, so that there is no interference with the process for the

19  US Airways/American pilots seniority integration.  But, separate and apart from the West

20  Pilots' interests that will be advocated by plaintiffs, US Airways has a significant interest

21  in its own behalf to be allowed to start and complete the seniority-integration process on a

22  timely basis given that any interference with that process could have an adverse impact on

23  the operational and financial benefits of the merger with American.  USAPA's actions in

24  this litigation have been, and still are, inconsistent with a prompt resolution on the merits

25  of plaintiffs' claims.  Indeed, notwithstanding the Court's July 19 decision, USAPA still

26  asserts that the West Pilots' DFR claim is not ripe.  (*See* Answer Of US Airline Pilots

27  Association (Doc. No. 123), at p. 15:3-4.)

28

7

1    Because US Airways' interests differ from the interests of both plaintiffs and

2    USAPA, its interests may not be adequately represented by the parties and, accordingly,

3    US Airways satisfies the "minimal showing" necessary to satisfy the final requirement for

4    intervention as of right under Rule 24(a).

## II.   US AIRWAYS SATISFIES ALL OF THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(b).

7    If this Court were to conclude that US Airways is not entitled to intervene as of

8    right under Rule 24(a), US Airways should nonetheless be permitted to intervene under

9    Rule 24(b).  Permissive intervention under Rule 24(b) should be granted where:  (1) the

10   motion is timely; and (2) the proposed intervenor has a claim or defense, within the

11   meaning of Rule 24(b), that shares a common question of law or fact with the main action.

12   *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th Cir. 2011).[2]

13   The court must also "consider whether the intervention will unduly delay or prejudice the

14   adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

### A.   US Airways' Motion Is Timely.

16   As demonstrated in Section I.C, *supra*, US Airways' motion is timely.

### B.   US Airways Has A Claim Or Defense, Within The Meaning Of Rule 24(b), That Shares A Common Question Of Law Or Fact With This Action.

19   Although the plain language of Rule 24(b)(1)(B) refers to an intervenor with "a

20   *claim or defense* that shares with the main action a common question of law or fact"

21   (emphasis added), this requirement is not strictly enforced.  Rather, "[w]hether there is a

22   common question of law or fact is liberally construed by the courts," *S. Yuba River*

---

[2]    Although a proposed intervenor sometimes must also establish an independent ground for subject-matter jurisdiction, "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."  *Freedom from Religion Found., Inc.*, 644 F.3d at 844.  Because this Court has original federal-question jurisdiction over plaintiffs' DFR claim against USAPA and because US Airways does not seek to assert any new cause of action (i.e., its request for a determination of the West Pilots' rights under McCaskill-Bond is already the subject of plaintiffs' previously-filed motion for leave to file a First Amended Complaint), US Airways need not demonstrate an independent ground for this Court's jurisdiction in order to be permitted to intervene under Rule 24(b).

8

*Citizens League v. Nat'l Marine Fisheries Serv.*, 2007 U.S. Dist. LEXIS 81636, *42 (E.D. Cal. Oct. 16, 2007), and courts frequently grant permissive intervention even though the intervenor does not have a free-standing claim or defense. *See, e.g., Brooks v. Flagg Bros., Inc.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1974) ("the words 'claim or defense' have not been read in a technical sense [and] permissive intervention has been upheld even where . . . the existence of any nominate 'claim' or 'defense' is difficult to find"); *Wilderness Soc'y v. Wisely*, 524 F. Supp. 2d 1285, 1294 (D. Colo. 2007) (permissive intervention granted where, "[r]egardless of how they may be conceived and described, [movant] possesses interests in leases, . . . and matters relating to the legality of the decision . . . that resulted in the sale of those leases clearly share common questions of law and fact with Plaintiffs' claims"). It is sufficient for a proposed intervenor to show that it is "directly affected" by the parties' lawsuit. *See S. Yuba River Citizens League*, 2007 U.S. Dist. LEXIS 81636, at *43 (allowing permissive intervention where movant had an interest in enforcing the environmental opinion that was contested in the lawsuit and thus was "directly affected" by the dispute, thereby establishing "common issues of fact").

As discussed in Sections I.A and I.B, *supra*, US Airways has a significant interest in ensuring that the McCaskill-Bond seniority-integration process may proceed in accordance with the time frame in the MOU. This interest shares common questions of law and fact with plaintiffs' claims against USAPA. US Airways may thus be directly affected by this litigation in a manner that is sufficient to warrant permissive intervention.

Moreover, to the extent the Court determines in its discretion that an actual "claim" is necessary for permissive intervention, US Airways' Intervention Pleading attached hereto (in particular, ¶¶ 11-14) sets forth a claim for declaratory judgment against USAPA to the effect that the West Pilots have the right to full and separate representation under McCaskill-Bond in the US Airways/American pilot seniority-integration process.

9

C. **US Airways' Intervention Will Not Unduly Delay Or Prejudice The Adjudication Of Plaintiffs' And USAPA's Rights.**

Given that a principal purpose of its intervention is to advocate for prompt resolution on the merits, US Airways' intervention cannot possibly delay adjudication of plaintiffs' and USAPA's rights.  Nor will US Airways' intervention unduly prejudice the parties.  US Airways is neutral as to the merits of the underlying DFR claim between the West Pilots and USAPA, and its intervention will raise no new substantive issues because the West Pilots' right to full and separate participation in the McCaskill-Bond seniority-integration process has already been extensively briefed to the Court and is already the subject of plaintiffs' previously-filed motion for leave to file a First Amended Complaint. *See LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (finding no undue delay or prejudice where intervenor raised no issues that were not already before the court).

## CONCLUSION

For all the foregoing reasons, US Airways respectfully requests that the Court grant its motion to intervene under Rule 24(a) or Rule 24(b), for the limited purposes of protecting its interest in:  (i) a prompt resolution of the merits of the West Pilots' DFR claim against USAPA; and (ii) a prompt determination that the West Pilots have the right under the McCaskill-Bond statute to full and separate representation in the upcoming seniority-integration proceedings between the US Airways and American pilots.

10

Dated: July 30, 2013.                    O'Melveny & Myers LLP

By:  /s/ Robert A. Siegel _____
Robert A. Siegel (*pro hac vice*)
Chris A. Hollinger (*pro hac vice*)
400 South Hope Street, Suite 1500
Los Angeles, California 90071-2899

US Airways, Inc.
Karen Gillen, State Bar No. 018008
111 W. Rio Salado Parkway
Tempe, AZ  85281

Attorneys for Defendant US Airways, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2013, I caused to be electronically transmitted the attached Defendant US Airways, Inc.'s Motion For Limited Intervention Under Rule 24 Of The Federal Rules Of Civil Procedure (with attachment) to the Clerk's office using the CM/ECF System for filing.

_____/s/  Robert A. Siegel_____

Robert A. Siegel

OMM_US:71469219.14

12