US Airways, Inc.
KAREN GILLEN, State Bar No. 018008
karen.gillen@usairways.com
111 West Rio Salado Parkway
Tempe, AZ 85281
Telephone: (480) 693-0800
Facsimile: (480) 693-5932

O'Melveny & Myers LLP
ROBERT A. SIEGEL (*pro hac vice*)
CHRIS A. HOLLINGER (*pro hac vice*)
rsiegel@omm.com
chollinger@omm.com
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Intervenor
US Airways, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington, *et al.*, on behalf of themselves and all similarly situated former America West Pilots,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Ass'n, an unincorporated association,<br><br>Defendant,<br>_____<br><br>US Airways, Inc.,<br><br>Intervenor. | Case No. 2:13-cv-00471-ROS<br><br>**US AIRWAYS, INC.'S INTERVENTION PLEADING PURSUANT TO RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

In prior briefing to the Court on its motion to dismiss plaintiffs' breach-of-contract claim (Count Two), US Airways, Inc. ("US Airways") explained that: "US Airways has a significant interest in the prompt and final resolution of the merits of plaintiffs' DFR claim against USAPA. It therefore intends to file a motion for limited intervention under Rule 24 of the Federal Rules of Civil Procedure if and when its motion to dismiss is granted." (US Airways' Reply In Support Of Motion To Dismiss (Doc. No. 54), at p. 3 n.2 (p. 4 of ECF filing).) On July 19, 2013, the Court granted US Airways' motion to dismiss. (Order (Doc. No. 122), at pp. 6:18-7:1.) Pursuant to its prior representations to the Court, and in accordance with Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, US Airways alleges as follows in support of its intervention in this lawsuit for the limited purposes of protecting its interest in:

(i) a prompt resolution of the merits of the West Pilots' claim against defendant US Airline Pilots Association ("USAPA") for breach of the duty of fair representation ("DFR") – including ensuring that US Airways has the right to participate in potential additional district court and appellate proceedings with regard to the ripeness of the West Pilots' claim; and

(ii) a prompt determination that the West Pilots have the right under the federal McCaskill-Bond statute to full and separate representation in the upcoming seniority-integration proceedings between the pilots employed by US Airways and American Airlines, Inc. ("American") – contrary to the position that USAPA has recently taken in this litigation.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. This lawsuit arises from a protracted seniority dispute between the pilots employed by US Airways, Inc. (the "East Pilots") prior to its merger with America West Airlines, Inc. ("America West") in 2005 and the pilots employed by America West at the time of that merger (the "West Pilots"). Intervenor US Airways is the air carrier formed by that merger. As a result of this ongoing seniority dispute, the East Pilots and West

Pilots have continued to operate under two separate seniority lists for the past eight years and no integrated seniority list has been implemented.

2. In February of this year, US Airways agreed to merge with American. In connection with the merger, US Airways, American, USAPA representing US Airways' pilots, and the Allied Pilots Association representing American's pilots, entered into a Memorandum of Understanding ("MOU") which prescribes that the seniority integration of the US Airways (East and West) pilots with the American pilots will be pursuant to the applicable federal statute, known as "McCaskill-Bond." This federal statute, which was enacted in 2007 and thus was unavailable to resolve the US Airways/America West pilots seniority dispute, mandates, *inter alia*, that seniority integration of airline employees following the combination of two or more airlines shall occur in a "fair and equitable manner." *See* 49 U.S.C. § 42112 (adopting "the labor protective provisions imposed by the Civil Aeronautics Board in the Allegheny-Mohawk merger (as published at 59 C.A.B. 45)"); *Allegheny-Mohawk*, 59 C.A.B. 19, 45 § 3 (1972). The MOU requires that the seniority-integration process begin "as soon as possible" after the close of the US Airways/American merger, which is currently anticipated to occur in the third quarter of this year. (*See* MOU ¶ 10(a); Plaintiffs' Evidentiary App. Part 3 (Doc. No. 14-3), at pp. 372-373 (pp. 61-62 of ECF filing).)

3. Plaintiffs, a group of individual West Pilots seeking to represent a certified West Pilot class, contend that a prior arbitration decision known as the "Nicolau Award" provides the only permissible ordering of East and West Pilots vis-à-vis one another within the overall US Airways/American integrated seniority list. (Complaint ("Compl.") (Doc. No. 1), ¶¶ 96-100; [Proposed] First Amended Complaint ("FAC") (Doc. No. 124), Ex. 2 ¶¶ 96-100 (pp. 37-38 of ECF filing).) The West Pilots allege that USAPA does not have a legitimate union purpose for departing from the Nicolau Award in the integration of West Pilots and East Pilots, and they allege that USAPA breached its DFR toward them by entering into the MOU because the MOU does not specifically require use of the Nicolau Award. (FAC ¶¶ 96-100.) As a remedy for USAPA's alleged breach of DFR, the

West Pilots seek an injunction requiring USAPA to use the Nicolau Award seniority list to determine the relative order of US Airways pilots in the McCaskill-Bond seniority-integration proceeding that will take place after the merger between US Airways and American. (FAC ¶ 136 (p. 42 of Doc. No. 124 ECF filing); Compl. ¶ 123.)

4. USAPA has taken the position in this litigation that the West Pilots' DFR claim is not yet ripe. (*See, e.g.,* USAPA's Motion To Dismiss (Doc. No. 44), at pp. 8:1-10:19 (pp. 13-15 of ECF filing).) US Airways' position is that the West Pilots' DFR claim is ripe. (*See, e.g.*, US Airways' Response To Plaintiffs' Motion For Preliminary Injunction (Doc. No. 49), at pp. 3:15-10:15 (pp. 4-11 of ECF filing).) On July 19, 2013, the Court denied USAPA's motion to dismiss, and, in so doing, ruled that plaintiffs' DFR claim was ripe. (Order (Doc. No. 122), at pp. 4:23-5:21.) Thereafter, USAPA filed its Answer to the plaintiffs' Complaint and it continues to assert that the West Pilots' DFR claim is not ripe. (*See* Answer Of US Airline Pilots Association (Doc. No. 123), at p. 15:3-4 (asserting, as second affirmative defense, that "The Complaint does not present a claim that is ripe for adjudication.").)

5. USAPA denies that it has breached its DFR toward the West Pilots. (*See, generally,* Answer Of US Airline Pilots Association (Doc. No. 123).) US Airways has always been and still is neutral regarding the merits of the underlying DFR claim between USAPA and the West Pilots. US Airways' only interest is in ensuring that the seniority dispute is promptly resolved in a manner that will allow both pilot groups and the airline to move forward with the merger and the seniority integration with American's pilots. The Court has scheduled a trial on the merits of plaintiffs' DFR claim, consolidated with a hearing on plaintiffs' motion for preliminary injunction, for September 24, 2013. (*See* Order (Doc. No. 122), at p. 1:22-23 ("In hopes of bringing a swift end to the parties' disputes, the Court will advance the trial on the merits and consolidate it with a preliminary injunction hearing on September 24, 2013.").)

6. After this lawsuit was filed, a dispute arose between the West Pilots and US Airways, on the one hand, and USAPA, on the other hand, regarding whether the

West Pilots have the right under the McCaskill-Bond statute to full and separate representation (with counsel of their own choosing) in the seniority-integration negotiation/arbitration proceedings that are scheduled to commence soon after the US Airways/American merger is consummated. It is the position of the West Pilots and US Airways that the West Pilots do have such a right, and it is the position of USAPA that they do not. At the Court's direction, the parties have already submitted extensive briefing on this issue. (*See* US Airways' Post-Hearing Supplemental Brief (Doc. No. 98), at pp. 1:4-7:8 (pp. 2-8 of ECF filing); Plaintiffs' Trial Memorandum On The Participation Of West Pilots In The McCaskill-Bond Process (Doc. No. 97); USAPA's Supplemental Brief As Directed By The Court At May 14, 2013 Hearing (Doc. No. 95), at pp. 1:14-11:6 (pp. 2-12 of ECF filing); US Airways' Response To Plaintiffs' And USAPA's Post-Hearing Supplemental Briefs (Doc. No. 110), at pp. 1:7-8:20 (pp. 2-9 of ECF filing); Plaintiffs' Response To Memorandum By USAPA And US Airways On Remedy And McCaskill-Bond (Doc. No. 106), at pp. 1:18-3:10; USAPA's Supplemental Brief In Response To The Supplemental Briefs Of Plaintiffs And US Airways On Issues As Directed By The Court At May 14, 2013 Hearing (Doc. No. 108), at pp. 1:5-8:6 (pp. 2-9 of ECF filing).)

7. Plaintiffs have sought leave to file a First Amended Complaint in which, *inter alia*, they would add a claim for declaratory judgment against USAPA confirming their right to full and separate representation under McCaskill-Bond in the seniority-integration process. (*See* Plaintiffs' Motion For Leave To File Amended Complaint (Doc. No. 124), Ex. 2 (FAC) ¶¶ 120-132.) The effect of this amendment would be merely to formally add to plaintiffs' complaint the McCaskill-Bond issue that already has been briefed to the Court. (*See* ¶ 6, *supra*.) The briefing on plaintiffs' motion for leave, which US Airways supports, is scheduled to be completed no later than August 1, 2013. (*See* Order (Doc. No. 127).)

## US AIRWAYS' INTEREST IN A PROMPT RESOLUTION OF THE MERITS OF THE WEST PILOTS' DFR CLAIM AGAINST USAPA

8. The completion of the US Airways/American seniority-integration process is a key component of the MOU which, in turn, is critical to American's restructuring plan. Because the West Pilots' DFR claim implicates how USAPA may proceed under the terms of the MOU, a failure to promptly resolve the merits of the claim would threaten to disrupt and delay the process of integrating US Airways and American pilots following the merger – a process that is central to the airline's realization of the operational and financial benefits from the combined pilot workforce that is contemplated by the MOU and the merger. Accordingly, while it has been and still is neutral regarding the merits of the underlying DFR claim between USAPA and the West Pilots, US Airways has a significant interest in seeing that the dispute over the use of the Nicolau Award is resolved promptly and on the merits.

9. The Court's July 19, 2013 ruling that the plaintiffs' DFR claim against USAPA is ripe, and its scheduling of a September 24, 2013 trial on the merits of that claim (consolidated with the hearing on plaintiffs' motion for preliminary injunction), are consistent with US Airways' interest as described herein, but US Airways still has a strong and continuing interest in ensuring that the remaining proceedings before the District Court are conducted in a manner that promotes a prompt resolution of the merits of the West Pilots' DFR claim. US Airways also has a strong interest in being a party in this case so that it may participate in any proceedings before the Ninth Circuit that may occur after the District Court's entry of final judgment – especially with regard to the ripeness of the West Pilots' DFR claim against USAPA.

10. Intervention under Rule 24 may be limited "to particular issues" or may be for "a limited purpose." *Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (court has "discretion to limit intervention to particular issues"). Based on the foregoing, US Airways has the right to intervene under Rule 24(a), or should be permitted by the Court to intervene under Rule 24(b), for the limited purpose

of protecting its interest in a prompt resolution of the merits of the West Pilots' DFR claim against USAPA.

## US AIRWAYS' INTEREST IN A PROMPT DETERMINATION OF ITS CLAIM THAT THE WEST PILOTS HAVE A RIGHT TO FULL AND SEPARATE REPRESENTATION IN THE US AIRWAYS/AMERICAN SENIORITY-INTEGRATION PROCESS

11.  There is presently a substantial controversy of sufficient reality, within the meaning of 28 U.S.C. § 2201, between US Airways and plaintiffs, on the one hand, and USAPA, on the other hand, regarding whether the West Pilots have the right under McCaskill-Bond to full and separate representation (with counsel of their own choosing) in the US Airways/American pilot seniority-integration process. (*See* ¶ 6, *supra*.) That dispute implicates questions of fact and law that are a central part of the West Pilots' claims against USAPA.

12.  Because the dispute over the West Pilots' role under McCaskill-Bond implicates how the parties proceed, and because the MOU requires that the seniority-integration process start soon after the closing of the US Airways/American merger (anticipated to occur within approximately the next two months), the McCaskill-Bond dispute is of sufficient immediacy within the meaning of 28 U.S.C. § 2201.

13.  US Airways has an obligation and interest under the McCaskill-Bond statute in providing for a prompt seniority integration, conducted in a "fair and equitable" manner, between the US Airways (East and West) pilots and the American pilots. Because USAPA has taken the position in this litigation that the West Pilots do not have a right to separate participation in the McCaskill-Bond process, a position which is contrary to that of US Airways, there is presently a dispute between "parties having adverse legal interests" within the meaning of 28 U.S.C. § 2201.

14.  Plaintiffs, in their proposed First Amended Complaint, request a declaration from the Court that "the West Pilots are entitled to an order declaring that they have party status and the right (but not the obligation) to participate fully (with counsel of their own

choice) in the MOU Seniority Integration process." (Doc. No. 124, Ex. 2 ¶ 137.) For the reasons stated in its prior submissions, US Airways agrees that the Court should issue such a declaration pursuant to the McCaskill-Bond statute. (*See* US Airways' Post-Hearing Supplemental Brief (Doc. No. 98), at pp. 1:4-7:8 (pp. 2-8 of ECF filing); US Airways' Response To Plaintiffs' And USAPA's Post-Hearing Supplemental Briefs (Doc. No. 110), at pp. 1:7-8:20 (pp. 2-9 of ECF filing).)

15. Given USAPA's opposition to separate participation for the West Pilots in the McCaskill-Bond seniority-integration process, that process could be delayed and disrupted in the absence of a prompt decision from the Court. US Airways has a strong interest in avoiding any delay or disruption to the process of integrating US Airways and American pilots following the merger – a process that is central to the airline's realization of the operational and financial benefits from a combined pilot workforce. The dispute regarding the West Pilots' role can be resolved expeditiously and efficiently by this Court because the parties already have submitted extensive briefing on the subject (*see* ¶ 6, *supra*) and because the dispute involves a predominantly legal issue that does not require any additional factual development.

16. Intervention under Rule 24 may be limited "to particular issues" or may be for "a limited purpose." *Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (court has "discretion to limit intervention to particular issues"). Based on the foregoing, US Airways has the right to intervene under Rule 24(a), or should be permitted by the Court to intervene under Rule 24(b), for the limited purpose of protecting its interest in a prompt determination that the West Pilots have a right under McCaskill-Bond to full and separate representation (with counsel of their own choosing) in the US Airways/American pilot seniority-integration negotiation/arbitration process.

| | |
|---|---|
| Dated: July 30, 2013. | O'Melveny & Myers LLP |
| | By:  /s/Robert A. Siegel |
| | Robert A. Siegel (*pro hac vice*) |
| | Chris A. Hollinger (*pro hac vice*) |
| | 400 South Hope Street, Suite 1500 |
| | Los Angeles, California 90071-2899 |
| | |
| | US Airways, Inc. |
| | Karen Gillen, State Bar No. 018008 |
| | 111 W. Rio Salado Parkway |
| | Tempe, AZ  85281 |
| | |
| | Attorneys for Defendant US Airways, Inc. |

OMM_US:71646006.6