**PATRICK J. SZYMANSKI** (*pro hac vice*)
**PATRICK J. SZYMANSKI, PLLC**
1900 L Street, NW, Ste 900
Washington, DC  20036
Telephone: (202) 721-6035
szymanskip@msn.com

**BRIAN J. O'DWYER** (*pro hac vice*)
**GARY SILVERMAN** (*pro hac vice*)
**JOY K. MELE** (*pro hac vice*)
**O'DWYER & BERNSTIEN, LLP**
52 Duane Street, 5th Floor
New York, NY 10007
Telephone:  (212) 571-7100
bodwyer@odblaw.com
gsilverman@odblaw.com
jmele@odblaw.com

**SUSAN MARTIN (AZ#014226)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for US Airline Pilots Association

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington, *et. al.*, | Case No.:  CV-13-00471-PHX-ROS |
| Plaintiffs, | **US Airline Pilots Association's Opposition to Plaintiffs' Motion for Class Certification** |
| v. | |
| US Airline Pilots Association, *et. al.*, | |
| Defendants. | |

## **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………..1

I. PLAINTIFFS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT ALL RULE 23(a) PREREQUISITES ARE SATISFIED……………......3

    A. Numerosity……………………………………………………………………..5

    B. Commonality……………………………………………………………….....6

    C. Typicality…..…………………………………………………………………...7

    D. Adequacy of Representatives ……………………..……………….…..8

II. DISCOVERY IS APPROPRIATE ……………………………………….....11

CONCLUSION……………………………………………………………………...12

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463, 98 S.Ct. 2454 (2007)……………………………………………….……3

*Doninger v. Pacific Northwest Bell, Inc.*,
    564 F.2d 1304 (9th Cir. 1977)……………………………………………………….…3, 11

*Drimmer v. WD-40 Co.*, 06-CV-900 W (AJB),
    2007 WL 2456003 (S.D. Cal. Aug. 24, 2007)
    *aff'd,* 343 F. App'x 219 (9th Cir. 2009) ………………………………………………..10

*East Tex. Motor Freight Systems, Inc. v. Rodriguez*,
    431 U.S. 395, 97 S.Ct. 1891 (1977)……………………………………………......……9

*General Telephone Co. of the Northwest, Inc. v. EEOC*,
    446 U.S. 318, 100 S.Ct. 1698 (1980)……………………………………………….5

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147, 102 S.Ct. 2364 (1982)……………………………………………3, 6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)……………………………………………………...…9

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992)………………………………………………...7, 8

*Lyell v. Farmers Grp. Inc. Employees' Pension Plan*,
    2008 WL 5111113 (D. Ariz. Dec. 3, 2008)…………………………………………….5-6

*Perez v. First American Title Insurance Co.*,
    2009 WL 2486003 (D. Ariz. Aug. 12, 2009)……………………………………………5

*Spano v. The Boeing Co.*,
    633 F.3d 574, 587-88 (7th Cir. 2011) ……………………………………………..…1

*Rannis v. Recchia*, 380 Fed.Appx. 646 (9th Cir. 2010)……………………………………...5

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009)……………………………………………………………11

*Wal-Mart Stores, Inc. v. Dukes*,
    __ U.S. __, 131 S.Ct. 2541 (2011)……………………………………………3, 6, 8

**Rules**

Fed.R.Civ.P. 23(a)……………………………………………………..……………*passim*

Fed.R.Civ.P. 23(b)………………………………………………………………………1

**MEMORANDUM OF POINTS AND AUTHORITIES**

By order dated July 19, 2013, this Court denied USAPA's motion to dismiss and directed that it file a response to the motion for class certification by August 2, 2013. Prior to that time, given pendency of the dismissal motions and the absence of any Rule 26(f) meeting, discovery had not commenced. Thereafter, plaintiffs filed a motion to amend the complaint adding a new claim and additional requests for relief, but failed to supplement their motion for class certification or add any additional facts regarding the standing, adequacy or typicality of the plaintiffs to assert the claims or seek the relief now requested. The crux of plaintiffs' motion for class certification is that class certification was granted in the preceding DFR actions. However, the Court has ruled that the claims in this action are different from those in the earlier action (as are the additional claims in plaintiffs' amended complaint filed today). Mere certification by a different group of plaintiffs in the earlier action does not satisfy these plaintiffs' burden of showing that each of the four requirements for class certification under Federal Rules of Civil Procedure 23(a) and at least one requirement of Rule 23(b) are met in this case.[1] Plaintiffs have failed to explain with any specific content how the four requirements are met in THIS action. While this action also asserts a DFR claim, the factual

---

[1] The current lawsuit names eight individual plaintiffs. Three of the individuals were not named as plaintiffs in either of the previous actions. The only allegation made with respect to any of the plaintiffs individually is their residency and that "at all times relevant to this amended complaint" "they have been a West Pilot." As to each plaintiff's adequacy to serve as a class representative, the amended complaint, Doc. 134 ¶90, and motion, Doc. 11 p. 13 of 15, each contain one paragraph which alleges they have moral and financial support, understand the issues and are willing to invest the time. However the amended complaint also alleges "one or more of them will suffer the kind of injuries that will be suffered by other West Pilots if seniority integration is done using USAPA's date-of-hire seniority list." Doc. 130 ¶90(b).The amended complaint completely fails to identify which plaintiffs might be injured and which might not be nor is there any explanation of why, despite the fact that only "one or more" may be injured, the others could nevertheless satisfy the requirements that they be adequate and typical class representatives. Courts will deny certification where there are conflicts among plan participants with respect to the impact of the challenged conduct, and thus the need for the relief demanded. *See, e.g.*, *Spano v. The Boeing Co.*, 633 F.3d 574, 587-88 (7th Cir. 2011) (denying certification when many class members benefitted from conduct at issue).

circumstances are significantly different from plaintiffs' prior DFR suits. This case asserts that entering into a seniority neutral MOU that failed to incorporate the Nicolau Award violated USAPA's DFR.  In this action, there was a ratification vote in which the overwhelming majority of the putative class voted to approve the very MOU plaintiffs are attacking. The posture of this case raises serious questions concerning numerosity, typicality and commonality of the class, as well as the adequacy of the class representatives.

In addition, with respect to the new claim in the amended complaint, plaintiffs seek a ruling that they have "the right (but not the obligation)" to participate in the McCaskill –Bond process. Amended Complaint ¶132. In seeking class certification, nowhere do plaintiffs explain how or why they can be considered adequate class representatives when all they seek is the **right**, but not the **obligation** to represent that class nor, if successful in being appointed class representatives, why the class they purport to represent would support their decision to decline to exercise the rights they seek to obtain for the class. They offer absolutely no explanation about how they can purport to bind all class members without any duty to them one way or another. The vague and tentative nature of these allegations and the absence of any supporting factual allegations makes class certification inappropriate at this time, especially in the absence of any discovery.

This is not to say that USAPA ultimately will oppose class certification. However, at this time, given the absence of detailed factual allegations regarding the individual plaintiffs and other facts, it is premature to grant certification. There has been no discovery, and thus no record for USAPA to refer to, and from which this Court can decide the propriety of a class action.  Accordingly, the motion should be denied as plaintiffs have failed to satisfy their burden. Alternatively, the motion should be denied with leave to renew following discovery and upon a proper motion.

**POINT I**
**PLAINTIFFS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT RULE 23(a) PREREQUISITES ARE SATISFIED**

Under Rule 23 of the Federal Rules of Civil Procedure, a class action may be maintained if: (1) the party seeking class certification satisfies the prerequisites of Rule 23(a) of numerosity, commonality, typicality, and adequacy of representation; and (2) the proposed class satisfies at least one of the three requirements in Rule 23(b). Fed.R.Civ.P. 23. Plaintiffs have the burden of demonstrating that all the prerequisites of Rule 23(a) are satisfied. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308 (9th Cir. 1977). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2551- 52 (2011). "[A]ctual, not presumed, conformance with Rule 23(a) is indispensable." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372 (1982). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores*, 131 S.Ct. at 2550. Rule 23(a) prerequisites "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Falcon*, 457 U.S. at 156, 102 S.Ct. 2364, 2370 (internal citations omitted). Class determination "involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458 (2007) (quoting *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522 (1973)). "Certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores*, 131 S.Ct. at 2551 (quoting *Falcon*, 457 U.S. at 161, 102 S.Ct. 2364).

Plaintiffs identify the class as "All pilots who are on the America West seniority list currently incorporated into the West Pilot's collective bargaining agreement."

3

Plaintiffs' Motion for Class Certification, p. 7[2]; Amended Complaint, ¶86. Plaintiffs claim that the putative class members all: "(1) have a right to implementation of the Nicolau Award . . .; (2) are owed a DFR by USAPA to implement the Nicolau Award . . . ; and (3) suffer from breach of that duty." Pl. Motion for Class Certification, at 7.

However, other than repeating the language of Rule 23, the contents of plaintiffs' memorandum of law in support of their motion, and the allegations in the amended complaint add no factual support with regard to the elements necessary for class certification. *See Doninger*, 564 F.2d 1304 (affirming district court's denial of class certification where, *inter alia*, the complaint merely mimicked the language of Rule 23 and the contents of the affidavits in support of class certification added little, if any, factual support). The factual basis for plaintiffs' current DFR action is different than the prior DFR claims, and thus they cannot simply rely on the claim that because a class was certified in the past that it should similarly be certified in this action.

Plaintiffs' DFR claims in 2008 and 2010 were that USAPA breached its DFR when it abandoned the Nicolau Award in favor of seniority based on date-of-hire. *See* 2:08-cv-01633-NVW, Doc. 86 (Amended Complaint); 2:10-cv-01570-ROS, Doc. 34 (Answer and Cross-Claim). Their current DFR claim is that "USAPA breached the duty of fair representation when it entered into the MOU because the MOU does not require USAPA to use the Nicolau Award in the McCaskill-Bond process." Order dated July 19, 2013, Doc. 122, at 4.

As a prelude to the agreement between US Airways and American Airlines to merge, US Airways, USAPA, American Airlines, and the Allied Pilots Association ("APA") entered into the MOU that governs terms and conditions of employment of the US Airways and American Airlines pilots after the approval of the Plan of

---

[2] Page numbers reference the ECF docket entry page document and not the internal document page number.

Reorganization.  The MOU sets forth the procedures to be used by the parties for reaching:  (a) a Merger Transition Agreement between the APA and New American Airlines; and (b) a joint collective bargaining agreement to apply to the merged American Airlines and US Airways pilots.  Doc. 14-3, at 56.  The MOU must be approved by the Bankruptcy Court, and to date, no approval has been granted. On the effective date of the Plan of Reorganization, new compensation and working conditions go into effect for US Airways pilots, including significant pay increases and other benefits and protections for all US Airways pilots.

Approval of the MOU with its economic benefits and the absence of the Nicolau Award was put to vote by all US Airways pilots in good standing.  Of the 1,041 West Pilots who voted, an overwhelming 97.69% (1,017) voted to approve the MOU, and 2.31% (24) voted against it.  Doc. 44-1. The results of the vote by the West Pilots raise many factual questions precluding a pro forma finding that class certification is appropriate.

A. <u>Numerosity</u>

Numerosity is met if the class is so large that joinder of all members is impracticable.  Fed.R.Civ.P. 23(a).  Plaintiffs claim the class "has about 1600 members." Pl. Motion for Class Certification, at 9.  Although the numerosity requirement does not require a fixed numerical threshold and "requires an examination of the specific facts of each case", *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698 (1980), courts generally find "the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 Fed.Appx. 646, 651 (9th Cir. 2010). *See also Perez v. First American Title Insurance Co.*, 2009 WL 2486003, at *2 (D. Ariz. Aug. 12, 2009) ("Generally, 40 or more members will satisfy the numerosity requirement.") (quoting *Garrison v. Asotin County*, 251 F.R.D. 566, 569 (E.D. Wash. 2008); *Lyell v. Farmers Group Inc. Employees' Pension Plan*, 2008 WL 5111113, at *5

(D. Ariz. Dec. 3, 2008) ("A class of thirty-nine is already a close call with regard to numerosity."). While no fixed numerical threshold, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 1706 (1980). Generally certification is denied to classes in the 16-37 range. *Id.*, at 330 & n. 14.

The results of the MOU vote raise the question whether there is in fact numerosity. Plaintiffs claim that all West Pilots agree with plaintiffs' claim against USAPA. However, 1017 West Pilots voted to approve the MOU which did not require USAPA to use the Nicolau Award in the McCaskill-Bond process. Twenty-four West Pilots voted against the MOU. Questions remain as to how large is the class. Does the class include the 1017 West Pilots who voted for the MOU, or the 24 West Pilots who voted against the MOU? If it is the latter, then joinder is certainly not impracticable, and the numerosity requirement is not satisfied.

B. Commonality

Commonality requires "questions of law and fact common to the class." Fed.R.Civ.P. 23(a). It requires "the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores*, 131 S.Ct. at 2551 (quoting *Falcon*, 457 U.S. at 157, 102 Ct. 2364, 2370). By same injury, it does not mean that all class members suffered a violation of the same provision of the law. *Id.* "Their claims must depend upon a common contention." *Id.* "Dissimilarities within the proposed class are what have the potential to impede the generation of the common answers." *Id.* (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 132 (2009)).

Both the results of the MOU ratification vote and the amended complaint raise the question of whether there are common questions of law and fact to the class. The fact that 1,017 West Pilots voted to approve the MOU raises the question of whether any of

those 1,017 have a dispute with USAPA regarding the Nicolau Award.  Some or all of them may not hold plaintiffs' "Nic or nothing" view.  Even if some or all of them want the Nicolau Award, in voting to approve the MOU, they may have decided that the significant economic benefits in the MOU outweighed the absence of the Nicolau Award.  The fact that the vote by the West Pilots was not unanimous for approval or rejection of the MOU demonstrates the lack of a "common contention" necessary for a finding of commonality, and raises the question of whether all class members suffered the same injury.  The vote results show that some may not have suffered any injury at all, thus casting significant doubt on plaintiffs' contention that USAPA entering into the MOU that does not include the Nicolau Award "affects all class members."[3]  Pl. Motion for Class Certification, at 10.  Who are the injured class members?  Those who voted for the MOU or those that voted to reject the MOU?  The voting results show there are dissimilarities within the proposed class and as set forth above,  ¶ 90 (b) of the amended complaint itself suggests that not all of the plaintiffs, rather only "one or more" of the named plaintiffs  "will suffer the kind of injuries that will be suffered by other West Pilots." Thus even within the purported class representatives, commonality does not appear to exist.

C. Typicality

The typicality requirement requires that the claims of the named parties are typical of the claims of the class. Fed.R.Civ.P. 23(a). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality 'is whether other members have the same or similar injury, whether the action

---

[3] Indeed, plaintiffs' claim that USAPA's actions "affects all class members" is insufficient to show commonality. The MOU affects all US Airways pilots. The economic benefits affect all US Airways pilots, as does the absence of the Nicolau Award. However, that does not mean that USAPA's actions injured all West Pilots.

is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* at 508 (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal.1985)).  Typicality is similar and tends to merge with commonality.  *Wal-Mart Stores*, 131 S.Ct. at 2551 n. 5.  It serves as a guidepost to determine "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

As with commonality, both the voting results and the lack of injury amongst some of the named plaintiffs raise questions regarding typicality.  That the vote by the West Pilots was not unanimous raises doubts as to whether plaintiffs' claim is typical of the claims of the class, assuming all the West Pilots have or seek a DFR claim against USAPA.  Moreover, by requesting relief that seeks rights but not obligations to participate in the McCaskill-Bond process, the named plaintiffs have created potential conflicts and divisions within the class they seek to bind in this action.  In view of the foregoing authorities, it is clear that class members cannot be represented by people who have no obligation or firm commitment to carry out the remedy they purport to seek, that is, no obligation to represent that class in the proceeding in which they assert the rights of the class will be affected.  Similar to the commonality analysis, there are factual questions as to whether all West Pilots have suffered an injury, and if so, whether they have suffered the same injury as plaintiffs, and whether there are conflicts within the plaintiff group themselves or within the class.  Such factual questions preclude a finding of typicality.

D. <u>Adequacy of Representatives</u>

Plaintiffs must prove that they will fairly and adequately protect the interests of the class.  Fed.R.Civ.P. 23(a).  In deciding this prerequisite, courts must consider whether: "(1) [] the named plaintiffs and their counsel have any conflicts of interest with

8

other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929 (1974)). Trial courts must carefully evaluate "the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." *Falcon*, 457 U.S. at 160, 102 S.Ct. 2364, 2372.

Plaintiffs' motion claims they are proper class representatives because "they are aggrieved by USAPA's repudiation of its duty to implement the Nicolau Award list and by USAPA's entrance into . . . (the MOU) that does not implement the Nicolau Award . . . they have an interest in ensuring that the pilot seniority integration in the New American merger orders the US Airways pilots according to the Nicolau Award . . . [and] they have an interest in seeing that USAPA adheres to its DFR." Pl. Motion for Class Certification, at 11.

However, as discussed above, the amended complaint itself suggests that plaintiffs are not adequate. It not only fails to allege that all named plaintiffs have suffered or will suffer the same injuries, it actually suggests that only "one or more "have suffered or will suffer *any* injury. Amended Complaint ¶90(b). It also seeks to have rights declared with no corresponding obligations by the class representatives to enforce them on behalf of class members they seek to bind. *Id.* at ¶132. The vote results also raise significant questions as to whether all members of the putative class are aggrieved by USAPA entering into the MOU that does not incorporate the Nicolau Award, and whether they all have an interest in seeing pilot seniority integration with New American order the US Airways pilots according to the Nicolau Award. On the face of the amended complaint,

9

there are conflicts of interest that preclude a finding of adequacy. The matter is exacerbated by the plaintiffs' failure to address the conflicts inherent in the vote count and in seeking relief that they have no obligation to carry out. *Drimmer v. WD-40 Co.*, 06-CV-900 W (AJB), 2007 WL 2456003 (S.D. Cal. Aug. 24, 2007) *aff'd,* 343 F. App'x 219 (9th Cir. 2009) ("Drimmer cannot maintain a class action without seeking all available remedies for the class members, yet he refuses to seek all available remedies even for himself."). As such, plaintiffs have failed to establish that they are adequate representatives.

Further, as plaintiffs are now seeking a right to participate in the McCaskill-Bond process, plaintiffs suffer from additional conflicts of interest. The process envisioned by the MOU is one of negotiation in an effort to reach agreement with the APA and failing that, arbitration. USAPA has already advised the Court that it is the exclusive representative certified by the NMB and as such, it is the only entity with a duty to represent the best interests of all US Airways pilots, not just a select group. It has already appointed two West Pilot representatives (a proportionate number to the total number of West Pilots)[4] to serve on the committee charged with these negotiations and has advised the Court on numerous occasions that it seeks to find an equitable compromise that is neither strict date of hire nor Nicolau. In contrast, the West Pilots adamantly insist on Nicolau and have rejected every effort to find an equitable compromise. As set forth in the Declaration of plaintiffs' counsel dated March 7, 2013, Doc. 5-1, Leonidas, LLC, which has funded the West Pilot litigation, was formed "for the sole purpose of collecting voluntary West Pilot contributions that have been used to defend the Nicolau Award in and out of litigation." The stated "Objectives" of Leonidas, LLC provide, in part, that:

---

[4]Supplemental Declaration of Jess Pauley, Doc. 120 ¶3.

>  (5) We will not tolerate discrimination against the pilots of America West in any form, including the dilution of the Nicolau Award by any means, contractual or otherwise.

Doc. 114-1 ¶ 18. Against this background, questions abound regarding the adequacy of Plaintiffs' representation. Authorizing a splinter group to serve as a representative could actually harm US Airways pilots including West Pilots. Unwavering adherence to the Nicolau Award might be contrary to the interests of West Pilots if such unwavering adherence does damage to the relative strength, credibility and position of US Airways pilots in the negotiations with the pilots of American. There is simply no way that this group of plaintiffs, committed to a "Nic or nothing" result, can serve the broader interests of the putative class, and in fact could inflict serious damage on all US Airways pilots as a whole.

On the current record, it is clear that plaintiffs have not met their burden of demonstrating that the Rule 23(a) prerequisites are satisfied, and their motion for class certification should be denied.

## POINT II
## DISCOVERY IS APPROPRIATE

The motion for certification fails to satisfy the requirements of Rule 23. In the event the motion is not summarily denied or is denied with leave to renew, USAPA intends to conduct discovery. The Ninth Circuit has consistently held that "often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009). "[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Doninger*, 564 F.2d at 1313.

Here, the information necessary to decide the issue is in the hands of plaintiffs and the putative class members. While plaintiffs have not met their burden in demonstrating that the Rule 23(a) prerequisites have been satisfied at this juncture, whether this action

11

should be maintained as a class action would be best evaluated following discovery. Given the expedited trial schedule, USAPA intends to conduct pertinent discovery and reserves its rights to offer additional evidence on this issue at an appropriate time.

## CONCLUSION

For the foregoing reasons, USAPA respectfully requests that the Court deny plaintiffs' Motion for Class Certification. Alternatively, USAPA requests that plaintiffs' motion be denied with leave to renew. In the event the Court is preliminarily inclined to grant plaintiffs' motion, USAPA respectfully requests that it allow USAPA to conduct discovery and to supplement this opposition prior to any ruling.

Respectfully submitted this 2nd day of August, 2013.

**Martin & Bonnett, P.L.L.C.**

By:  s/Susan Martin
Susan Martin
Jennifer L. Kroll
Martin & Bonnett
1850 N. Central Ave., Suite 2010
Phoenix, AZ  85004

Patrick J. Szymanski (*pro hac vice*)
Patrick J. Szymanski, PLLC
1900 L Street, NW, Suite 900
Washington, DC  20036

Brian J. O'Dwyer (*pro hac vice*)
Gary Silverman (*pro hac vice*)
Joy K. Mele (*pro hac vice*)
O'Dwyer & Bernstien, LLP
52 Duane Street, 5th Floor
New York, NY 10007

Attorneys for US Airline Pilots Association

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marty Harper
Andrew S. Jacob
Jennifer Axel
Polsinelli & Shughart, PC
CityScape
One East Washington St., Ste. 1200
Phoenix, AZ 85004

Attorneys for Plaintiffs


s/J. Kroll