**PATRICK J. SZYMANSKI** (*pro hac vice*)
**PATRICK J. SZYMANSKI, PLLC**
1900 L Street, NW, Ste 900
Washington, DC 20036
Telephone: (202) 721-6035
szymanskip@msn.com

**BRIAN J. O'DWYER** (*pro hac vice*)
**GARY SILVERMAN** (*pro hac vice*)
**JOY K. MELE** (*pro hac vice*)
**O'DWYER & BERNSTIEN, LLP**
52 Duane Street, 5th Floor
New York, NY 10007
Telephone: (212) 571-7100
bodwyer@odblaw.com
gsilverman@odblaw.com
jmele@odblaw.com

SUSAN MARTIN (AZ#014226)
JENNIFER KROLL (AZ#019859)
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for US Airline Pilots Association

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Don Addington, *et. al.*,<br><br>  *Plaintiffs,*<br><br>  v.<br><br>US Airline Pilots Association, *et. al.*,<br><br>  *Defendants.* | Case No.: CV-13-00471-PHX-ROS<br><br>**Answer of US Airline Pilots Association to First Amended Complaint** |

   Defendant US Airline Pilots Association ("USAPA") as and for its answer to the Amended Complaint, alleges as follows:

1. Admits the allegations contained in ¶1 of the Amended Complaint.

2. Denies the allegations contained in ¶2 of the Amended Complaint, except admits that, because both pilots groups were represented by the Air Line Pilots Association ("ALPA"), they were bound by the ALPA Constitution and by the ALPA Merger and Fragmentation Policy in existence at the time of the merger.

3. Denies the allegations contained in ¶3 of the Amended Complaint, except admits that Arbitrator George Nicolau presided on a panel of three arbitrators, that the panel issued its award in May 2007, that one member of the panel dissented, and that the decision is referred to as the Nicolau Award.

4. Denies the allegations contained in ¶4 of the Amended Complaint, except admits that the East Pilots were strongly opposed to the Nicolau Award because it unfairly gave West Pilots a significant windfall at the expense of the East Pilots.

5. Denies the allegations contained in ¶5 of the Amended Complaint, except admits that USAPA was formed in or about February 2008 for the purpose of replacing ALPA.  USAPA avers that there were numerous reasons why pilots were opposed to ALPA, most long pre-dating the issuance of the Nicolau Award.

6. Denies the allegations contained in ¶6 of the Amended Complaint.

7. Denies the allegations contained in ¶7 of the Amended Complaint, except admits that USAPA was certified by the National Mediation Board as the exclusive bargaining representative of US Airways Pilots (both East and West) in 2008 because a majority of the US Airways pilots entitled to vote in that certification election voted in favor of USAPA.  USAPA avers that there were numerous reasons why a majority of pilots in the post-merger consolidated craft or class opposed representation by ALPA.

8. Denies the allegations contained in ¶8 of the Amended Complaint, except admits that on April 18, 2008, the National Mediation Board issued a decision certifying USAPA as the exclusive bargaining representative of all the pilots employed by US

1

Airways.

9. Denies the allegations contained in ¶9 of the Amended Complaint. USAPA avers that it never made any agreement concerning the Nicolau Award and that as a newly certified bargaining representative it was free to negotiate terms and conditions of employment, including seniority, without regard to any position, proposal or agreement that might have been made by the former bargaining representative.

10. Denies the allegations contained in ¶10 of the Amended Complaint, except admits that various West Pilots have since 2008 twice sued USAPA over the issue of seniority integration (most recently in this action), and that US Airways filed a Complaint against USAPA and several individual West Pilots in July 2010.

11. Denies the allegations contained in ¶11 of the Amended Complaint, except that USAPA admits that it entered into an agreement with US Airways, American Airlines and the Allied Pilots Association (which represents the pilots employed by American Airlines) that, among other things, guarantees all US Airways (East and West) substantial increases in wages and benefits in the event that a merger between US Airways and American is consummated. USAPA further admits that the agreement makes no determinations with respect to seniority integration and sets forth a procedure for determining seniority integration with the pilots employed by American Airlines and represented by the Allied Pilots Association.

12. Denies the allegations contained in ¶12 of the Amended Complaint.

13. Admits the allegations contained in ¶13 of the Amended Complaint.

14. Admits the allegations contained in ¶14 of the Amended Complaint.

15. Admits the allegations contained in ¶15 of the Amended Complaint.

16. Admits the allegations contained in ¶16 of the Amended Complaint.

17. Admits the allegations contained in ¶17 of the Amended Complaint.

18. Admits the allegations contained in ¶18 of the Amended Complaint.

19. Admits the allegations contained in ¶19 of the Amended Complaint.

20. Admits the allegations contained in ¶20 of the Amended Complaint.

21. Admits the allegations contained in ¶21 of the Amended Complaint.

22. Admits the allegations contained in ¶22 of the Amended Complaint.

23. Admits the allegations contained in ¶23 of the Amended Complaint.

24. Admits the allegations contained in ¶24 of the Amended Complaint.

25. Admits the allegation contained in ¶25 of the Amended Complaint.

26. Admits the allegation contained in ¶26 of the Amended Complaint.

27. Admits the allegation contained in ¶27 of the Amended Complaint.

28. Admits that Plaintiffs assert the claims set forth in ¶28 of the Amended Complaint, denies the claims have merit, and denies that Plaintiffs are entitled to the relief sought.

29. Denies the allegations contained in ¶29 of the Amended Complaint insofar as they call for conclusions of law and refer all such questions to the Court for determination.

30. Admits that the actions alleged in the Amended Complaint affected one or more Plaintiffs residing in this district, that the headquarters of US Airways is located in this district and that venue is appropriate in this district. USAPA otherwise denies the allegations of ¶30.

31. Denies the allegations contained in ¶31 of the Amended Complaint.

32. Denies the allegations contained in ¶32 of the Amended Complaint.

33. Denies the allegations contained in ¶33 of the Amended Complaint, except admits that as of May 2005, US Airways was in Chapter 11 bankruptcy.

34. Denies the allegations contained in ¶34 of the Amended Complaint, except admits that in 2005 there was a reorganization plan that provided for the merger of US Airways with America West with the merged company to be called US Airways and an

agreement titled the Transition Agreement was entered into by US Airways, America West and ALPA.

35. Denies the allegations contained in ¶35 of the Amended Complaint because they are vague and ambiguous.

36. Admits the allegations contained in ¶36 of the Amended Complaint. USAPA avers that, at the time of the merger, there were 5,098 pilots on the pre-merger US Airways seniority list and 1,894 pilots on the America West seniority list.

37. Denies the allegations contained in ¶37 of the Amended Complaint and avers that as of May 2005 many America West pilots were not actively flying.

38. Denies the allegations contained in ¶38 of the Amended Complaint, except admits that as of May 2005, there were 1,691 pilots employed by pre-merger US Airways then on furlough and avers that approximately 300 of those furloughed pilots were recalled prior to May 1, 2007, and that all pilots on furlough were recalled as of the end of October 2007.

39. Admits the allegations contained in ¶39 of the Amended Complaint.

40. Denies the allegations contained in ¶40 of the Amended Complaint, except admits that there were separate Master Executive Councils which were permitted to act on behalf of their respective pilot groups for certain purposes.

41. Admits the allegations contained in ¶41 of the Amended Complaint, except denies that the Chairmen of the Master Executive Council Chairmen had any legal authority to bind ALPA.

42. Denies the allegations contained in ¶42 of the Amended Complaint, except admits that the Transition Agreement contained a provision titled "Seniority List Integration" and respectfully refers the Court to the Transition Agreement for the contents and meaning thereof.

43. Denies the allegations contained in ¶43 of the Amended Complaint, except admits that there was an ALPA Merger Policy in effect at the time, which has since been amended, and respectfully refers the Court to the ALPA Merger Policy at the relevant time for the contents and meaning thereof.

44. Denies the allegations contained in ¶44 of the Amended Complaint, except admits that at various times herein there was an ALPA Merger Policy in effect, which has since been amended, and respectfully refers the Court to said ALPA Merger Policy for the contents and meaning thereof.

45. Denies the allegations contained in ¶45 of the Amended Complaint, except admits the ALPA Merger Policy in effect at that time included, among other terms, the quoted phrases, and respectfully refers the Court to said policy for the contents and meaning thereof. In particular, USAPA avers that the ALPA Merger Policy in effect in 2005 included other terms not quoted by Plaintiffs, that the Merger Policy did not include "longevity" as a criterion that must be applied and that the Merger Policy was later amended to include "longevity" as a criterion that must be applied.

46. Denies the allegations contained in ¶46 of the Amended Complaint, except admits the two ALPA Merger Committees proceeded to arbitration as required by ALPA Merger Policy.

47. Denies the allegations contained in ¶47 of the Amended Complaint, except admits that the East Merger Committee argued that all pilots should receive seniority credit commensurate with their length of service.

48. Admits the allegations contained in ¶48 of the Amended Complaint.

49. Denies the allegations contained in ¶49 of the Amended Complaint, except admits that under the terms of the Transition Agreement, US Airways committed to accepting the results of the ALPA seniority integration proceeding if it satisfied certain

stated conditions. USAPA respectfully refers the Court to the Transition Agreement for the contents and meaning thereof.

50. Admits that the three-member arbitration panel issued its decision on May 1, 2007, that the principal decision was written by Arbitrator Nicolau and that the decision is known as the Nicolau Award. USAPA otherwise denies the allegations of ¶50. USAPA avers that one member of the panel, Captain Bruscia, dissented and wrote a separate opinion. USAPA respectfully refers the Court to the Award itself for its contents.

51. Denies the allegations contained in ¶51 of the Amended Complaint because it quotes only a selected portion of the decision and inaccurately states the seniority integration method proposed by the East Merger Committee. USAPA respectfully refers the Court to the Nicolau Award for the substance and meaning of said Award.

52. Denies the allegations contained in ¶52 of the Amended Complaint because it characterizes only a selected portion of the decision and respectfully refers the Court to the Nicolau Award for the substance and meaning of said Award.

53. Denies the allegations contained in ¶53 of the Amended Complaint because it characterizes only a selected portion of the decision and respectfully refers the Court to the Nicolau Award for the substance and meaning of said Award.

54. Denies the allegations contained in ¶54 of the Amended Complaint because it is vague and ambiguous and respectfully refers the Court to the Nicolau Award for the substance and meaning of said Award.

55. Admits the allegations contained in ¶55 of the Amended Complaint. USAPA avers that in proffering the list to US Airways, ALPA explicitly noted that the list was not to go into effect until ALPA negotiated a single collective bargaining agreement to cover the consolidated pilot group and negotiated various ancillary procedures concerning the implementation of the list. USAPA further avers that the

single agreement could not go into effect unless it was separately ratified by both the East and the West MECs and their pilots.

56. Admits the allegations contained in ¶56 of the Amended Complaint.

57. Denies the allegations contained in ¶57 of the Amended Complaint, except admits that the ALPA Executive Committee denied the appeal made by the East MEC.

58. Denies the allegations contained in  ¶58 of the Amended Complaint, except admits that at various times herein Stephen Bradford and other pilots exercised their rights under Section 2, Fourth, of the Railway Labor Act to "join, organize or assist in organizing the labor organization of their choice."

59. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶59 of the Amended Complaint and declines to speculate as to Mr. Bradford's thought process might have been in 2007.

60. Denies the allegations contained in ¶60 of the Amended Complaint.

61. Admits the allegations contained in ¶61 of the Amended Complaint.

62. Admits the allegations contained in ¶62 of the Amended Complaint. USAPA avers that the election was conducted by the National Mediation Board, that a majority of the pilots voting in the election voted for USAPA and the National Mediation Board certified USAPA as the exclusive bargaining representative of the craft or class of US Airways Pilots effective April 18, 2008.

63. Denies the allegations contained in ¶63 of the Amended Complaint and denies that it ever proposed a strict date-of-hire seniority proposal, except admits that in late September 2008 USAPA presented a seniority proposal to the Company based upon date-of-hire principles with extensive conditions and restrictions to protect the interests of former America West Pilots, including but not limited to conditions and restrictions that prevented East pilots from displacing West pilots from their customary America West assignments.  USAPA further avers that there have been no negotiations over the

proposal and that US Airways has at various points cited pending litigation as the reason it has not negotiated about the proposal.

64. Denies the allegations contained in ¶64 of the Amended Complaint, except admits that USAPA has thoroughly considered the Nicolau Award and has concluded that it unfairly favors one group of pilots over another, particularly in light of the circumstances at the time USAPA became the exclusive representative of all US Airways pilots and since that time.

65. Admits that such a lawsuit was filed as alleged and that, among other allegations, the Amended Complaint alleged that USAPA breached the duty of fair representation ("DFR") by refusing to implement the Nicolau Award. USAPA otherwise denies the allegations of ¶65 and respectfully refers the Court to the Amended Complaint in that case for exactly what was alleged and what claims were made.

66. Denies the allegations contained in ¶66 of the Amended Complaint, except admits that after trial, a jury found that USAPA breached its duty of fair representation and otherwise refers the Court to the verdict and judgment for the meaning and interpretation thereof. USAPA avers that the decisions and judgment ultimately entered by the District Court were vacated by order of the United States Court of Appeals for the Ninth Circuit and, as a result, in this case should be treated "as if [it] never occurred." C. Goelz & M. Watts, *Rutter's California Practice Guide: Federal Ninth Circuit Civil Appellate Practice* § 10:231 (emphasis in original), *citing State of Calif. Dept. of Social Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003).

67. Denies the allegations contained in ¶67 of the Amended Complaint, except admits that Judge Wake issued a written opinion to which the Court is referred for the meaning and interpretation thereof. USAPA incorporates the last two sentences of its answer to paragraph 66.

68. Denies the allegations contained in ¶68 of the Amended Complaint and each of the subdivisions of ¶68 of the Amended Complaint, except admits that Judge Wake issued a written opinion to which the Court is referred for the meaning and interpretation thereof. USAPA incorporates the last two sentences of its answer to paragraph 66.

69. Admits the allegations contained in ¶69 of the Amended Complaint. USAPA avers that because the Court of Appeals vacated the District Court order on the basis that Plaintiffs' claim was not ripe, the Court did not address any of the other numerous errors warranting reversal that were asserted by USAPA on appeal.

70. Denies the allegations contained in ¶70 of the Amended Complaint, except admits that ¶70 correctly quotes one portion of the Court of Appeals decision. USAPA respectfully refers the Court to the complete opinion for its meaning and interpretation thereof.

71. Admits that on July 27, 2010, US Airways filed the described action making in part the claim that it required guidance. USAPA respectfully refers the Court to the Amended Complaint filed by US Airways for the complete and accurate facts concerning this allegation. USAPA otherwise denies the allegations of ¶71.

72. Admits that in the action filed by US Airways, the District Court certified a defendant class with certain Plaintiffs as representatives of the class. USAPA respectfully refers the Court to the order certifying the class for the complete and accurate facts concerning this allegation. USAPA otherwise denies the allegations of ¶72.

73. Admits that ¶73 accurately quotes selected phrases from the Court's order. USAPA respectfully refers the Court to the order certifying the class for the complete and accurate facts concerning this allegation. USAPA otherwise denies the allegations of ¶73.

74.     Admits that ¶74 accurately quotes selected phrases from the Court's order. USAPA respectfully refers the Court to the order certifying the class for the complete and accurate facts concerning this allegation. USAPA otherwise denies the allegations of ¶74.

75.     Admits that ¶75 accurately quotes selected phrases from the Court's order. USAPA respectfully refers the Court to the order certifying the class for the complete and accurate facts concerning this allegation. USAPA otherwise denies the allegations of ¶75.

76.     Admits the allegation contained in ¶76 of the Amended Complaint. USAPA avers that the Plaintiffs also did not appeal and that US Airways did appeal and the appeal is currently pending in the United States Court of Appeals for the Ninth Circuit.

77.     Admits the allegation contained in ¶77 of the Amended Complaint. USAPA avers that the bankruptcy proceeding is currently pending and that a hearing on the proposed plan of reorganization is scheduled for August 15, 2013.

78.     Denies the allegations contained in ¶78 of the Amended Complaint, except admits that USAPA, APA, US Airways, and AMR entered into an agreement titled Memorandum of Understanding regarding Contingent Collective Bargaining Agreement" ("MOU") with an effective date of February 14, 2013. USAPA respectfully refers the Court to the MOU itself for the complete and accurate facts concerning this allegation.

79.     Admits that the ballots in the ratification referendum were counted on February 8, 2013, and that over 75% of the US Airways Pilots who cast ballots during the ratification process (and more than 97% of the former America West pilots who cast ballots) voted to approve the MOU. USAPA avers that the MOU was approved by the Bankruptcy Court in the AMR Bankruptcy proceeding.

80. Admits that the MOU provides completely equal and substantially improved wages and benefits to all US Airways Pilots, both East and West. USAPA otherwise denies the allegations of ¶80.

81. Admits that ¶10 of the MOU provides a process for integrating seniority between the pilots of US Airways and American Airlines that satisfied the requirements of the McCaskill Bond Amendment and is equally protective of pilot seniority rights. USAPA avers, in particular, that neither the MOU nor the future Joint Collective Bargaining Agreement ("JCBA") provides any basis for changing the existing two-list seniority system at US Airways except through the process provided in the MOU. USAPA otherwise denies the allegations of ¶81.

82. Denies the allegations contained in ¶82 of the Amended Complaint, except admits the MOU does not incorporate the Nicolau Award in any way. USAPA avers that it was the intent of the parties in negotiating and agreeing to the MOU that it would be neutral with respect to East-West seniority integration.

83. Denies the allegations contained in ¶83 of the Amended Complaint.

84. Denies the allegations contained in ¶84 of the Amended Complaint. USAPA avers that one of the "objectives" stated in its Constitution is "To maintain uniform principles of seniority based on date of hire and the perpetuation thereof, with reasonable conditions and restrictions to preserve each pilot's un-merged career expectations."

85. Admits that Plaintiffs purport to maintain this action on behalf themselves and others similarly situated. USAPA otherwise denies the allegations contained in ¶85.

86. Admits that Plaintiffs purport to define the West Pilot class as "all pilots who are on the America West seniority list currently incorporated into the West CBA". USAPA otherwise denies the allegations contained in ¶86.

87. Admits that it would be impractical to individually join each of the approximately 1,600 former America West pilots. USAPA otherwise denies the allegations contained in ¶87 of the Amended Complaint.

88. Admits that some questions of law and fact affecting the alleged class are common to all members of the alleged class. USAPA otherwise denies the allegations contained in ¶88 of the Amended Complaint.

89. Denies the allegations contained in ¶89 of the Amended Complaint, except admits that Plaintiffs contend their standing to enjoy and protect the seniority rights established by the Nicolau Award arises from their status as West Pilots and is therefore the same as any other West Pilot.

90. Denies the allegations contained in ¶90 of the Amended Complaint and the subdivisions thereof, except admits that Plaintiffs contend they will fairly and adequately represent the interests of putative West Pilot Class.

91. Denies the allegations of ¶91 of the Amended Complaint and the subdivisions thereof, except admits that Plaintiffs contend common questions of law and fact arising from this action are common to the named Plaintiffs and other members of the putative West Pilot Class.

92. Admits that USAPA is the exclusive representative for all pilots employed by US Airways and that USAPA therefore owes a duty of representation to all US Airways pilots including those in the alleged class. USAPA otherwise denies the allegations of ¶92 of the Amended Complaint because they call for a legal conclusion.

93. Admits that all US Airways pilots (both East and West) have an interest in USAPA adhering to its duty of fair representation. USAPA otherwise denies the allegations of ¶93 and, in particular, denies that the Nicolau Award which was solely a product of the ALPA Merger Policy is in any way binding upon USAPA.

94. Denies knowledge or information sufficient to form a belief as the allegations contained in ¶94 of the Amended Complaint.

95. Denies the allegation contained in ¶95 of the Amended Complaint as it calls for a legal conclusion.

**I.     Claim One**

96. Defendant USAPA repeats and realleges each and every answer to the foregoing paragraphs of the Amended Complaint as if set forth in full herein.

97. Denies the allegation contained in ¶97 of the Amended Complaint because it calls for a legal conclusion and because it does not correctly state the legal definition of the duty of fair representation.

98. Denies the allegations contained in ¶98 of the Amended Complaint.

99. Denies the allegations contained in ¶99 of the Amended Complaint.

100. Denies the allegations contained in ¶100 of the Amended Complaint.

**II.    Claim Two**

101. Defendant USAPA repeats and realleges each and every answer to the foregoing paragraphs of the Amended Complaint as if set forth in full herein.

102. Denies the allegations contained in ¶102 of the Amended Complaint because they call for a legal conclusion and respectfully refer questions as to the meaning and interpretation of the Transition Agreement to the Court for determination.

103. Admits that the Transition Agreement refers to a "single agreement" that would be negotiated by ALPA with US Airways and that the Transition Agreement further provided that the results of the ALPA Merger Policy procedure would not go into effect until such an agreement was negotiated and ratified by both the East and the West pilots. USAPA otherwise denies the allegations of ¶103 and respectfully refers the Court to the Transition Agreement itself for its exact provisions.

104. Denies the allegations contained in ¶104 of the Amended Complaint.

105. Admits that the MOU is a conditional collective bargaining agreement by and among four parties (US Airways, American Airlines, USAPA and the Allied Pilots Association) which, among other things, provides substantial increases in pay and benefits for all US Airways pilots in the event the proposed merger is approved. USAPA otherwise denies the allegations of ¶105.

106. Denies the allegations contained in ¶106 of the Amended Complaint.

107. Denies the allegations contained in ¶107 of the Amended Complaint and refers questions as to the meaning and interpretation of the Transition Agreement to the Court for determination.

108. Admits that the MOU is neutral with respect to the seniority integration. USAPA otherwise denies the allegations of ¶108.

109. Denies the allegations contained in ¶109 of the Amended Complaint.

110. Denies the allegations contained in ¶110 of the Amended Complaint.

111. Denies the allegations contained in ¶111 of the Amended Complaint because they rest on an incorrect interpretation of the law and call for legal conclusions that are respectfully referred to the Court for determination.

112. Denies the allegations contained in ¶112 of the Amended Complaint.

**III.   Claim Three**

113. Defendant USAPA repeats and realleges each and every answer to the foregoing paragraphs of the Amended Complaint as if set forth in full herein.

114. USAPA admits that it has several million dollars in its general fund and in earmarked funds for various purposes. USAPA otherwise denies the allegations of ¶114.

115. Denies the allegations of ¶115.

116. Denies the allegations of ¶116.

117. Denies the allegations of ¶117.

118. Denies the allegations of ¶118.

119. Denies the allegations of ¶119.

## IV. Claim Four

120. Defendant USAPA repeats and realleges each and every answer to the foregoing paragraphs of the Amended Complaint as if set forth in full hereat.

121. Denies the allegations contained in ¶121 of the Amended Complaint because it calls for a legal conclusion and respectfully refers questions as to the meaning, interpretation and/or rights afforded in the McCaskill Bond Process.

122. Admits the allegations contained in ¶ 122 of the Amended Complaint.

123. Denies the allegations contained in ¶123 of the Amended Complaint in that USAPA's Constitution does not bind it to a strict date-of-hire seniority integration regime and avers in late September 2008 USAPA presented a seniority proposal to US Airways based upon date-of-hire principles with extensive conditions and restrictions to protect the interests of former America West Pilots, including but not limited to, conditions and restrictions that prevented East pilots from displacing West pilots from their customary America West assignments.

124. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶124 of the Amended Complaint and avers that ratification of the MOU that does not provide for the Nicolau Award to be used in the McCaskill-Bond process by an overwhelming majority of West pilots proves the inaccuracy of the claims in ¶124.

125. Denies the allegations contained in ¶125 of the Amended Complaint.

126. Denies the allegations contained in ¶126 of the Amended Complaint.

127. Denies the allegations contained in ¶127 of the Amended Complaint, except admit that West Pilots so contend.

128. Denies the allegations contained in ¶128 of the Amended Complaint, except admits that the West Pilots so contend.

129. Denies the allegations contained in ¶129 of the Amended Complaint and avers that West Pilots have been provided representation in the MOU seniority integration process by and through their duly authorized representatives.

130. Denies the allegations contained in ¶130 of the Amended Complaint, in part on the grounds that it calls for a legal conclusion

131. Denies the allegations contained in ¶131 of the Amended Complaint, in part on the grounds that it calls for a legal conclusion.

132. Denies the allegations in ¶132 of the Amended Complaint in part on the grounds that it calls for a legal conclusion.

133. Denies the allegations contained in ¶132 of the Amended Complaint.

134. Denies the allegations contained in ¶134 of the Amended Complaint.

135. Denies the allegations contained in ¶135 of the Amended Complaint.

136. Denies the allegations contained in ¶136 of the Amended Complaint.

137. Denies the allegations contained in ¶137 of the Amended Complaint.

138. Denies the allegations contained in ¶138 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint does not present a claim that is ripe for adjudication.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint presents only "minor disputes" under the Railway Labor Act over which the System Board of Adjustment has exclusive jurisdiction and over which this Court lacks jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

1 | The claims are barred in whole or part under the doctrines of res judicata, collateral estoppel, and issue and claim preclusion.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part under the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part under the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by virtue of the ratification of the MOU by the overwhelming majority of the members of the putative Plaintiff class.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' conduct estops them from asserting the claims in the Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part under the doctrine of novation.

[Remainder of page left blank intentionally]

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant USAPA demands judgment as follows:

(a) order and judgment dismissing the Amended Complaint with prejudice;

(b) attorneys' fees, costs and disbursements incurred in the defense of this action;

(c) such other and different relief as the Court deems proper and just.

Respectfully submitted this 9th day of August, 2013.

**Martin & Bonnett, P.L.L.C.**

By: s/Susan Martin
Susan Martin
Jennifer L. Kroll
Martin & Bonnett
1850 N. Central Ave., Suite 2010
Phoenix, AZ  85004

Patrick J. Szymanski (*pro hac vice*)
Patrick J. Szymanski, PLLC
1900 L Street, NW, Suite 900
Washington, DC  20036

Brian J. O'Dwyer (*pro hac vice*)
Gary Silverman (*pro hac vice*)
Joy K. Mele (*pro hac vice*)
O'Dwyer & Bernstien, LLP
52 Duane Street, 5th Floor
New York, NY 10007

Attorneys for US Airline Pilots Association

# CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marty Harper
Andrew S. Jacob
Jennifer Axel
Polsinelli PC
CityScape
One East Washington St., Ste. 1200
Phoenix, AZ 85004

Attorneys for Plaintiffs

s/T. Mahabir