IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>US Airline Pilots Association, et al.,<br><br>    Defendants. | No. CV-13-00471-PHX-ROS<br><br>**ORDER** |

Plaintiffs have moved to certify a class, US Airways Inc. has moved to intervene, third-party Leonidas LLC has moved to quash two subpoenas, and the US Airline Pilots Association ("USAPA") has moved for reconsideration of the Court's refusal to dismiss this case. As set forth below, a class will be certified, intervention will be allowed, the subpoenas will be quashed, and the request for reconsideration will be denied.

**I. Class Certification**

This is the third time a number of West Pilots have been involved in litigation with their current union, USAPA. In the two previous litigations, the court certified a class comprised of approximately 1,600 West Pilots. This time around, a motion to certify the class was filed very early. (Doc. 11). The Court deferred briefing on that motion until some preliminary issues were resolved. (Doc. 43). After resolving those issues, the Court set a briefing schedule on the class certification issue. (Doc. 122). In doing so, the Court observed that USAPA had opposed class certification in the previous case using very weak

1 arguments. Thus, the Court instructed USAPA that if it planned on opposing certification
2 in this case, it should present "substantially better arguments" than what it presented in the
3 past. Unfortunately, USAPA did not listen.

4 In opposing the class certification motion, USAPA's only meaningful argument
5 involves the vote approving the Memorandum of Understanding ("MOU"). According to
6 USAPA, the MOU was approved by 97.69% of the West Pilots and that approval rate means
7 certification would be inappropriate. In other words, "[t]he fact that 1,017 West Pilots voted
8 to approve the MOU raises the question of whether any of those 1,017 have a dispute with
9 USAPA regarding the Nicolau Award." (Doc. 135 at 10). This argument cannot be taken
10 seriously.

11 During the vote on the MOU, USAPA repeatedly assured all its members that the vote
12 would have no bearing on adoption of the Nicolau Award. In USAPA's own words, "no East
13 pilot should vote against the MOU because they fear that ratifying the MOU will implement
14 the Nicolau Award, and no West pilot should vote for the MOU because they believe the
15 MOU will implement the Nicolau Award." (Doc. 136). In light of this and similar
16 statements during the ratification vote, USAPA's current position that the vote was a clear
17 statement by the majority of the West Pilots that they are no longer interested in pursuing the
18 Nicolau Award is very close to frivolous.

19 Having disposed of USAPA's only argument opposing certification, it is obvious that
20 certification is appropriate. The four requirements of Rule 23(a) are met. First, the proposed
21 class satisfies the numerosity requirement because it consists of approximately 1,600 West
22 Pilots. Second, the commonality requirement is met because this litigation will "generate
23 common *answers*" to classwide issues. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541,
24 2551 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L.
25 Rev. 97, 132 (2009)). In particular, this litigation will decide whether USAPA acted
26 appropriately with respect to all West Pilots. Third, the typicality requirement is met because
27 the claims of the representative parties are identical to the claims of the proposed class. *See*
28 *Hanlon v. Chyrsler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). And fourth, the adequacy

requirement is met because the representative parties will fairly and adequately protect the interests of the class.

Having satisfied the four requirements of Rule 23(a), certification requires the West Pilots also satisfy one of the requirements of 23(b). In this case, certification is appropriate under Rule 23(b)(1)(A) because "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." That is, USAPA is obligated to act consistently regarding all of its union members. Imposing a single course of conduct on USAPA will prevent inconsistent treatment of West Pilots. Therefore, the Court will certify a class defined as "All pilots who are on the America West seniority list currently incorporated into the West Pilot's collective bargaining agreement."

The proposed class counsel has substantial experience regarding the precise issues presented in this case and were successful in the prior jury trial. USAPA offered no plausible basis for the Court to reject the proposed class counsel and there is none. The Court will appoint Marty Harper, Andrew S. Jacob, and Jennifer Axel as class counsel.

Finally, notice is not required when a class is certified under Rule 23(b)(1). Fed. R. Civ. P. 23(c)(2). Given the circumstances of this case, notice is neither needed nor appropriate.

**II. US Airways' Intervention Request**

US Airways has moved to intervene to protect its interest in "the prompt and final resolution of the merits of plaintiffs' DFR claim against USAPA." (Doc. 128 at 2). A party wishing to intervene must show that it meets four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002) (quotation omitted). These factors should be evaluated in light of "practical and equitable

1 considerations" and the "liberal policy in favor of intervention." *Id.* (quotations omitted).
2 US Airways satisfies all four requirements.

3 First, US Airways has a "significant protectable interest" in the timely resolution of
4 the seniority dispute. Second, the failure to resolve the seniority dispute in a timely manner
5 may "impair or impede" US Airways' interest by frustrating the expected realization of "the
6 operational and financial benefits from the combined pilot workforce." (Doc. 128 at 5).
7 Third, US Airways' requested intervention is timely because it moved to intervene while this
8 case was in its infancy. And finally, US Airways' interest is different from the interests of
9 the West Pilots and USAPA in that US Airways takes no position on the underlying merits
10 but is only interested in ensuring "a prompt adjudication of the merits." (Doc. 128 at 8). US
11 Airways will be allowed to intervene.

12 **III. Motions to Quash**

13 Third-party Leonidas has moved to quash two subpoenas issued by USAPA. Despite
14 filing lengthy oppositions to those motions, USAPA has not been able to establish the
15 relevance of the information sought by either subpoena. Both subpoenas will be quashed.

16 **IV. Motion for Reconsideration**

17 USAPA has moved for reconsideration of the Court's order refusing to dismiss this
18 case for lack of jurisdiction. This case, like the previous disputes involving these parties,
19 presents very difficult issues regarding standing and ripeness. The Court's ruling on the
20 motion to dismiss was based on the facts available at that time. While those facts have
21 changed, the Court is not convinced that the changes require dismissal. Therefore, the
22 motion for reconsideration will be denied.

23 Accordingly,

24 **IT IS ORDERED** the Motion to Certify Class (**Doc. 11**) is **GRANTED**.

25 **IT IS FURTHER ORDERED** the Motion to Intervene **(Doc. 128)** and Motions to
26 Expedite (**Doc. 129, 188**) are **GRANTED**. US Airways shall file its intervention pleading
27 within five days of this Order.

28

**IT IS FURTHER ORDERED** the Motions to Quash (**Doc. 149, 178**) are **GRANTED**.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (**Doc. 183**) is **DENIED**.

DATED this 18th day of September, 2013.

Roslyn O. Silver
Senior United States District Judge