1 | Todd C. Duffield (*pro hac vice*)
toddduffield@paulhastings.com
2 | PAUL HASTINGS, LLP
75 East 55th Street
3 | New York, NY 10022
Phone: (212) 318-6000
4 | Fax: (212) 319-4090

5 | Neal D. Mollen (*pro hac vice*)
nealmollen@paulhastings.com
6 | PAUL HASTINGS, LLP
875 15th Street, N.W.
7 | Washington, DC 20005
Phone: (202) 551-1700
8 | Fax: (202) 551-1705
Twenty-Fifth Floor
9 | Los Angeles, CA  90071-2228
Telephone:  1(213) 683-6000
10 | Facsimile:  1(213) 627-0705

11 | *Attorneys for Movants*
*AMR Corporation and American Airlines, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don ADDINGTON; John BOSTIC; Mark BURMAN; Afshin IRANPOUR; Roger VELEZ; Steve WARGOCKI; Michael J. SOHA; Rodney Albert BRACKIN; and George MALIGA, on behalf of themselves and all similarly situated former America West pilots, | Case No. CV-13-00471-PHX-ROS |
| **Plaintiff,** | Judge Roslyn O. Silver |
| vs. | |
| US AIRLINE PILOTS ASS'N, an unincorporated association; and US AIRWAYS, INC., a Delaware Corporation, | |
| **Defendant.** | |

**AMR CORPORATION'S AND AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

American Airlines, Inc., and its corporate parent, AMR Corporation, (collectively, "American") filed a motion to intervene [Docs. 56 and 57] in this case on May 7, 2013. The Court denied American's motion on July 19, 2013, but suggested that "AMR may elect to simply appear as *amicus*." *See* Order [Doc. 122]. American elects to do so and hereby moves for leave to participate as *amicus curiae* during the course of this litigation. American does not seek *amicus* status to support either party on the merits of the action, but rather seeks the opportunity to voice its own unique perspective as to the manner in which the case is litigated and resolved as described below.[1]

    1.    American is a debtor in possession in a Chapter 11 proceeding in the United States Bankruptcy Court for the Southern District of New York ("the Bankruptcy Court"). As part of its Second Amended Joint Chapter 11 Plan of Reorganization, American intends to merge with US Airways. That proposed merger was approved by the Bankruptcy Court on March 27, 2013, and American's Plan of Reorganization was confirmed conditionally by the Bankruptcy Court on September 13, 2013.

    2.    One of the primary hurdles to be accomplished in order to effectuate the merger will be integrating the pilot seniority lists of the two airlines. To facilitate that process and to head off some of the difficulties that have plagued other airline mergers, including the US Airways — American West merger at issue in the dispute underlying this lawsuit, American, US Airways, Defendant US Airline Pilots Association ("USAPA"), and Allied Pilots Association

---

[1] This Court and others in the Ninth Circuit have permitted participation in litigation by *amici curiae* at the district court level. *See Silver v. Babbitt*, 166 F.R.D. 418, 434-35 (D. Ariz. 1994) (denying permissive intervention but permitting movants to file *amicus* briefs; "Where proposed intervenors present no new questions, Courts have preferred to confer amicus status rather than granting permissive intervention. . . . The Court believes that amicus status would afford proposed intervenors sufficient opportunity to ensure that their concerns . . . are fully considered by this Court without adding unnecessary volume of pleadings or lengthening these proceedings.") (citations omitted); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067-68 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

(American's pilot union) entered into a Memorandum of Understanding ("MOU") setting forth, among other things, a specified procedure and timetable for completing the work of combining the pilot seniority lists at American and US Airways.  The Bankruptcy Court approved the MOU on May 31, 2013.

3. Because the MOU is a significant component of its merger plan, American has a significant interest in protecting its timetables and specific agreements from collateral attack, or from any unintended conflict, that might arise in the context of this action.  Moreover, American has a significant interest in seeing to it that the US Airways seniority dispute at the heart of this case is resolved promptly so that it does not complicate or interfere with the seniority integration work to be accomplished as a result of the American/US Airways merger.

4. While the current version of the requested injunctive relief [Doc. 134, ¶136] in this case does not interfere with the MOU process or American's restructuring, American has an interest in ensuring that there are no changes or additions to the requested injunctive relief that could have such an adverse impact.  In particular, although American takes no position on the underlying merits of this litigation, the possibility exists that injunctive relief entered here in favor of the Plaintiffs (should they prevail) could interfere with the obligations of the parties to the MOU (including Defendant USAPA) and could interfere with the Bankruptcy Court's jurisdiction or complicate the ability of the parties to comply with that Court's Orders.

5. Additionally, despite this Court's July 19, 2013 Order [Doc. 122] holding that the merits underlying this dispute are ripe, USAPA has continued to assert that the case is not ripe for adjudication, including in its Answer filed with the Court on July 24, 2013 [Doc. 123], and its Motion for Reconsideration [Doc. 183].  Although the Motion for Reconsideration has been denied, USAPA has also petitioned for a writ of mandamus to the Court of Appeals for the Ninth Circuit, making that same argument.  USAPA has thus demonstrated that it intends continually to press the issue at every available opportunity.  American has a compelling interest in responding to any further iterations of USAPA's claim that this dispute is not ripe for prompt resolution, or any other attempt to delay or prevent a timely resolution of this matter.

6. Finally, Plaintiffs' First Amended Complaint, filed on August 2, 2013 [Doc. 134],

seeks, among other things, an order declaring that Plaintiffs — the so-called West pilots — have party status and the right (but not the obligation) to participate fully (with counsel of their own choice) in the MOU's seniority integration process. USAPA contends that the West pilots have no such right. Because American has a unique statutory responsibility under the McCaskill-Bond legislation[2] to facilitate a fair and equitable resolution to the merger-related seniority integration process, it has a compelling interest in, and thus seeks a voice as to, the parties to the McCaskill-Bond process.

7. American submits that it will be helpful to the Court to hear from American so that it can provide its unique perspective on the issues described above as the case proceeds.

Accordingly, American respectfully requests the Court grant it leave to participate as *amicus curiae* in this case and make its views known to the Court as the need arises during the course of the litigation.

DATED: September 20, 2013       Respectfully submitted,

/s/ Todd C. Duffield
Todd C. Duffield (*pro hac vice*)
PAUL HASTINGS, LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

Neal D. Mollen (*pro hac vice*)
PAUL HASTINGS, LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

*Attorneys for Movants
AMR Corporation and American Airlines, Inc.*

---

[2] 49 U.S.C. § 42112.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2013, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the ECF System for filing and transmittal.

/s/ Todd C. Duffield
Todd C. Duffield